675 S.E.2d 435

**The STATE, Respondent,**

v.

**Curtis Jerome MITCHELL, Petitioner.**

No. 26622.

Supreme Court of South Carolina.

Heard Dec. 2, 2008.

Decided March 30, 2009.

Deputy Chief Appellate Defender Wanda H. Carter, of South Carolina Commission on Indigent Defense, of Columbia, for Petitioner.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney

General Harold M. Coombs, Jr., all of Columbia, and Solicitor Kevin Scott Brackett, of York, for Respondent.

Chief Justice TOAL.

In this case, Petitioner was convicted of armed robbery and sentenced to twenty years imprisonment. The court of appeals affirmed the conviction and sentence. *State v. Mitchell*, Op. No.2006–UP–403 (S.C. Ct.App. filed December 11, 2006). We granted Petitioner a writ of certiorari to review the court of appeals' decision. We affirm.

### FACTUAL/PROCEDURAL BACKGROUND

On December 30, 2003, Petitioner Curtis Jerome Mitchell entered a Bi–Lo grocery store in Rock Hill. A store employee observed Petitioner pick up two twelve-pack cases of chewing tobacco and proceed past the point of sale towards the exit without paying. The employee approached Petitioner as he reached the exit door and asked him to return the chewing tobacco. Petitioner presented a pocket knife and told the employee, "Go ahead, mother f* * * *r, try something. I'll kill you." Petitioner then walked out the exit door with the chewing tobacco.

Petitioner was subsequently apprehended and indicted by the York County grand jury for armed robbery. On April 21, 2004, Petitioner was tried before a jury. After the state rested its case, Petitioner's trial counsel moved for directed verdict on the grounds that Petitioner completed the crime of larceny before using force or intimidation, and therefore did not commit an armed robbery. The trial court ruled that a person may be convicted of armed robbery if he arms himself at any time during commission of the larceny, and instructed the jury accordingly. The trial court based its ruling on this Court's opinion in *State v. Keith*, 283 S.C. 597, 325 S.E.2d 325 (1985). The jury returned a guilty verdict.

On appeal to the court of appeals, Petitioner argued that: (1) the trial court erred by refusing to grant Petitioner's motion for directed verdict on the charge of armed robbery, where the evidence showed that Petitioner had completed the larceny prior to the threat of force; and (2) the trial court erred in instructing the jury that a robber need not be armed

at all times during the commission of the larceny in order to be guilty of armed robbery. The court of appeals affirmed the trial court, holding that armed robbery may be proved by showing that the defendant became armed before asportation of the property, and that the trial court properly instructed the jury that a robber need not be armed at all time during the commission of a theft in order to be found guilty of armed robbery.

## STANDARD OF REVIEW

In criminal cases, this Court will review errors of law only. *State v. Baccus,* 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006). This Court is bound by the trial court's factual findings unless they are clearly erroneous. *State v. Quattlebaum,* 338 S.C. 441, 452, 527 S.E.2d 105, 111 (2000). On review, this Court is limited to determining whether the trial court abused its discretion. *State v. Rochester,* 301 S.C. 196, 200, 391 S.E.2d 244, 247 (1990). This Court does not reevaluate the facts based on its own view of the preponderance of the evidence but simply determines whether the trial court's ruling is supported by any evidence. *State v. Wilson,* 345 S.C. 1, 6, 545 S.E.2d 827, 829 (2001).

## LAW/ANALYSIS

Petitioner argues that the court of appeals erroneously affirmed the trial court's finding that he was properly charged with armed robbery. Petitioner submits that he should have instead been charged with separate offenses for petit larceny and assault with intent to kill or assault of a high and aggravated nature. We disagree.

Armed robbery occurs when a person commits robbery while either armed with a deadly weapon or alleging to be armed by the representation of a deadly weapon. S.C.Code Ann. § 16–11–330 (2003). Included in armed robbery is the lesser included offense of robbery, which is defined as "the felonious or unlawful taking of money, goods, or other personal property of any value from the person of another or in his presence by violence or by putting such person in fear." *State v. Al–Amin,* 353 S.C. 405, 424, 578 S.E.2d 32, 42

(Ct.App.2003). Larceny, which is a lesser included offense in the crime of robbery, is defined as the felonious taking and carrying away of the goods of another against the owner's will or without his consent.[1] *Id.* "Thus, it is the use or alleged use of a deadly weapon that distinguishes armed robbery from robbery, and the employment of force or threat of force that differentiates a robbery from a larceny." *State v. Moore*, 374 S.C. 468, 477, 649 S.E.2d 84, 89 (Ct.App.2007).

The central issue in the present case involves the determination of at what point asportation becomes final so that a larceny may not become a robbery. We considered that issue, pursuant to a different set of factual circumstances, in *State v. Keith*, 283 S.C. 597, 325 S.E.2d 325 (1985). In that case, the defendant Keith was one of three unarmed men, who accosted the victim as he walked along a public street. The men rifled through the victim's pockets and removed cash from his wallet. The men also found the victim's pocketknife, which they used to stab the victim repeatedly. Keith was convicted of armed robbery and on appeal argued that the conviction was improper because he did not become armed until after he had taken the victim's money. We disagreed and held that "when a defendant commits robbery without a deadly weapon, but becomes armed with a deadly weapon before asportation of the victim's property, a conviction for armed robbery will stand." *Keith*, 283 S.C. at 598–99, 325 S.E.2d at 326. We also noted that "the crime of robbery is not completed the moment the stolen property is in the possession of the robbers, but may be deemed to continue during their attempt to escape." *Id.*

Petitioner argues that *Keith* is inapposite to the present case. We disagree. *Keith* 's enduring legacy, which is directly relevant to the present case, is the "continuous offense theory." This theory is articulated thoroughly in the court of appeals' opinion in *State v. Moore*, which involves a set of facts nearly identical to the present case. 374 S.C. at 478, 649 S.E.2d at 89.

---

1. The "taking and carrying away" of goods is often referred to as the element of "asportation."

In *Moore*, defendant Moore entered a Wal–Mart, picked up a package of over-the-counter medication from a display shelf, and walked toward the exit. A security guard followed Moore out of the door and stopped him just outside the door on the sidewalk. Moore then brandished a handgun, and the security guard, fearing his safety, ended the encounter and returned inside the store. Moore was later apprehended and charged with armed robbery.

At trial, Moore moved for directed verdict on the same grounds raised by Petitioner. Moore argued that he could not be convicted of armed robbery because the asportation of the property occurred before the confrontation and no force or threat of force was used to take the merchandise. The trial court denied Moore's motion on the grounds that asportation, a necessary element of armed robbery, continues during the escape.

The court of appeals affirmed the trial court's ruling, and began its analysis with the *Keith* opinion, which it interpreted to support "the continuous offense theory." This theory "provides that [a robbery] has occurred not only if the perpetrator uses force or intimidation to take possession of the property, but also if force or intimidation is used to retain possession immediately after the taking, or to carry away the property, or to facilitate escape." [2] *Id.* (quoting *State v. Meyers*, 620 So.2d 1160, 1163 (La.1993)). As articulated by the court of appeals, the theory supports the proposition that "a 'taking' is not complete—that is to say, has not come to an end—until the perpetrator has neutralized any immediate interference with his or her possession." *Id.* at 480, 649 S.E.2d at 90.

---

2. The rationale for adopting the continuous offense theory is to effectuate the purpose of the distinction between larceny and robbery:

> [T]he purpose of the force or intimidation element of the crime of robbery is to distinguish, by imposition of a more severe penalty, those takings which pose a greater risk to the victim. The danger to the victim, however, is identical whether the force or intimidation is employed against the victim immediately before or after the actual taking.

*Id.*

We believe the court of appeals' opinion in *Moore* articulates the correct view of the law in the present case. This view is in keeping with the majority of states and legal authorities. *See id.* at 480–482, 649 S.E.2d at 90 (listing the twenty-seven states to have adopted the continuous offense theory by statute and the eight states to have adopted the theory by common law). *See also* Model Penal Code § 222.1(1) (2001) (adopting the position that a robbery occurs when force or intimidation is part of the entire act, and includes the use of force or intimidation to retain possession of the thing taken or to escape or prevent pursuit); 77 C.J.S. Robbery § 4 (2008) ("Asportation is not confined to a fixed point in time. The taking away is a transaction which continues as the perpetrators depart from the place where the property was seized, and may, under appropriate circumstances, be deemed to continue even after such departure from the place of seizure."); 67 Am.Jur.2d Robbery § 4 ("Although the required force or threat of force for the offense of armed robbery must either precede or be contemporaneous with the taking of a victim's property, the use of a dangerous weapon at any point in the robbery will constitute armed robbery as long as it reasonably can be said to be part of a single occurrence.").

Applied to the facts of the present case, the continuous offense theory requires that we affirm the court of appeals. It is clear that Petitioner did not complete the asportation of the chewing tobacco until after he employed the threat of force to secure his escape and retain possession of the goods. Thus, the trial court was correct to deny Petitioner's motion for directed verdict on the charge for armed robbery.

### CONCLUSION

For the foregoing reasons, we hereby affirm the decision of the court of appeals.

WALLER, PLEICONES, BEATTY, JJ., and Acting Justice JAMES E. MOORE, concur.