725 S.E.2d 720

**The STATE, Appellant,**

v.

**Mark Allen HOYLE, Respondent.**

**No. 4963.**

Court of Appeals of South Carolina.

Heard March 19, 2012.

Decided April 4, 2012.

Rehearing Denied May 31, 2012.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General William M. Blitch, Jr., all of Columbia; and Solicitor Kevin Brackett, of York, for Appellant.

John M. Foster, of Rock Hill, for Respondent.

PIEPER, J.

This appeal arises out of Appellant Mark Allen Hoyle's magistrate's court conviction for driving under the influence (DUI). The circuit court found the magistrate erred by failing to suppress the incident site video recording due to incomplete

*Miranda*[1] warnings; consequently, the circuit court remanded the case to the magistrate's court for a new trial. On appeal, the State argues the circuit court erred in ordering the suppression of the video recording because the arresting officer gave Hoyle sufficient *Miranda* warnings in compliance with section 56–5–2953 of the South Carolina Code (Supp. 2011). We reverse.

## FACTS

On March 21, 2009, Hoyle was charged with DUI. Upon his arrest, the officer advised Hoyle of the following: (1) he had the right to remain silent; (2) anything he said could be used against him in a court of law; (3) he had the right to an attorney; and (4) if he could not afford an attorney, one would be appointed for him prior to questioning. The officer did not advise Hoyle that he had the right to terminate the interrogation at any time and to not answer any further questions. Hoyle was convicted of DUI. Hoyle appealed his conviction, arguing the magistrate's court erred in refusing to dismiss the charge, or in the alternative, erred in failing to suppress certain evidence, because (1) he was not fully advised of his *Miranda* rights and (2) certain audio portions of the sequence of events were missing.[2] At the hearing before the circuit court, Hoyle relied on *State v. Kennedy*, 325 S.C. 295, 479 S.E.2d 838 (Ct.App.1996), and argued the incident site video recording should be suppressed because it did not contain the officer instructing Hoyle of the *Miranda* warning that a suspect has the "right to terminate the interrogation at any time and not to answer any further questions." The circuit court agreed, remanded for a new trial, and ordered the incident site video recording be suppressed. This appeal followed.

---

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

2. To the extent this second issue was independent of the *Miranda* issue, that issue was neither ruled on by the circuit court, nor argued on appeal to this court. In fact, Hoyle clarified his argument before the circuit court in stating "the only question I submit to this court that they have to decide, that you have to decide, Your Honor, is whether [Hoyle is] entitled to dismissal or a remand for further proceedings for suppression of evidence for deficient Miranda."

## STANDARD OF REVIEW

In a criminal appeal from the magistrate's court, the circuit court does not review the matter de novo; rather, the court reviews the case for preserved errors raised by appropriate exception. *Town of Mt. Pleasant v. Roberts*, 393 S.C. 332, 341, 713 S.E.2d 278, 282 (2011). The circuit court "may either confirm the sentence appealed from, reverse or modify it, or grant a new trial." S.C.Code Ann. § 18-3-70 (Supp. 2011). "The appellate court's review in criminal cases is limited to correcting the order of the circuit court for errors of law." *State v. Johnson*, 396 S.C. 182, 186, 720 S.E.2d 516, 518 (Ct.App.2011).

## LAW/ANALYSIS

The State argues the circuit court erred in suppressing the incident site video recording and remanding for a new trial because Hoyle was given appropriate *Miranda* warnings in compliance with section 56-5-2953. We agree.

" 'All rules of statutory construction are subservient to the one that the legislative intent must prevail if it can be reasonably discovered in the language used, and that language must be construed in the light of the intended purpose of the statute.' " *State v. Sweat*, 386 S.C. 339, 350, 688 S.E.2d 569, 575 (2010) (quoting *Broadhurst v. City of Myrtle Beach Election Comm'n*, 342 S.C. 373, 380, 537 S.E.2d 543, 546 (2000)). The court should look to the plain language of the statute. *Binney v. State*, 384 S.C. 539, 544, 683 S.E.2d 478, 480 (2009). If the language of a statute is unambiguous and conveys a clear and definite meaning, then the rules of statutory interpretation are not needed and the court has no right to impose a different meaning. *State v. Gaines*, 380 S.C. 23, 33, 667 S.E.2d 728, 733 (2008).

The applicable provisions of the statute in question follow:

(A) A person who violates Section 56-5-2930, 56-5-2933, or 56-5-2945 must have his conduct at the incident site and the breath test site video recorded.

(1)(a) The video recording at the incident site must:

(i) not begin later than the activation of the officer's blue lights;

(ii) include any field sobriety tests administered; and

(iii) include the arrest of a person for a violation of Section 56–5–2930 or Section 56–5–2933, or a probable cause determination in that the person violated Section 56–5–2945, and show the person being advised of his Miranda rights.

S.C.Code Ann. § 56–5–2953(A)(1)(a) (Supp.2011).

■ To give force to the Constitution's protection against compelled self-incrimination, the United States Supreme Court established in *Miranda* "certain procedural safeguards that require police to advise criminal suspects of their rights under the Fifth and Fourteenth Amendments before commencing custodial interrogation." *Duckworth v. Eagan,* 492 U.S. 195, 201, 109 S.Ct. 2875, 106 L.Ed.2d 166 (1989). The *Miranda* court held that a suspect in custody must be warned of the following rights:

He must be warned prior to any questioning that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires.

384 U.S. at 479, 86 S.Ct. 1602.

■■ The court also explained that "[o]nce warnings have been given, the subsequent procedure is clear. If the individual indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease." *Id.* at 473–74, 86 S.Ct. 1602. Furthermore, if the suspect decides, after receiving the *Miranda* warnings, that he wishes to remain silent, the custodial officers must "scrupulously honor[ ]" his "right to cut off questioning." *Michigan v. Mosley,* 423 U.S. 96, 104, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975).

In *State v. Kennedy,* this court cited *Miranda,* stating:

A suspect in custody may not be subjected to interrogation unless he is informed that: he has the right to remain silent; anything he says can be used against him in a court of law; he has a right to the presence of an attorney; if he cannot afford an attorney, one will be appointed for him prior to any questioning, if he so desires; and he has the

right to terminate the interrogation at any time and not to answer any further questions.

325 S.C. 295, 303, 479 S.E.2d 838, 842 (Ct.App.1996), *aff'd as modified*, 333 S.C. 426, 510 S.E.2d 714 (1998).

The issue in *Kennedy* was whether the defendant voluntarily waived his *Miranda* rights. *Id.* at 306, 479 S.E.2d at 844. The court did not discuss the sufficiency of the warnings given, and the court did not discuss whether the officer informed the defendant of his right to terminate the interrogation. *Id.* at 306–09, 479 S.E.2d at 844–46. On the other hand, in *State v. Cannon,* police gave the defendant the following *Miranda* warning:

> You have the right to remain silent; anything you say can and will be used against you in a court of law; you have the right to talk to a lawyer and have him present with you while you are being questioned; if you cannot afford to hire a lawyer, one will be appointed to represent you before any questioning if you wish one.

260 S.C. 537, 542–43, 197 S.E.2d 678, 680 (1973), *cert. denied,* 414 U.S. 1067, 94 S.Ct. 576, 38 L.Ed.2d 472 (1973). The defendant appealed, arguing the warnings were insufficient and should have included the following language: "If you decide to answer any questions now without a lawyer present, you will still have the right to stop answering at any time or until you talk to a lawyer." *Id.* at 543, 197 S.E.2d at 680. The South Carolina Supreme Court disagreed and found that *Miranda* does not require an officer to inform a suspect of his right to stop answering questions at any time. *Id.*

■ The language in *Miranda* is clear that the right to terminate the interrogation at any time and to not answer any further questions is not a required *Miranda* warning. *Miranda* only requires four warnings, and the United States Supreme Court did not include the right to terminate the interrogation at any time as one of the four warnings. *See Miranda,* 384 U.S. at 479, 86 S.Ct. 1602 (holding a suspect in custody must be warned prior to any questioning that "he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any question-

ing if he so desires"). Furthermore, pursuant to *Miranda,* the right to terminate an interrogation arises after warnings are given. *See id.* at 473–74, 86 S.Ct. 1602 ("Once warnings have been given, the subsequent procedure is clear. If the individual indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease.").

Recent United States Supreme Court decisions interpreting *Miranda* also recognize *Miranda* includes four rights. *See Berghuis v. Thompkins,* —— U.S. ——, ——, 130 S.Ct. 2250, 2259, 176 L.Ed.2d 1098 (2010) (quoting *Miranda* for the proposition that a suspect "must be warned prior to any questioning that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires" (internal quotation marks omitted)); *Florida v. Powell,* —— U.S. ——, ——, 130 S.Ct. 1195, 1204, 175 L.Ed.2d 1009 (2010) (noting that "[t]he four warnings *Miranda* requires are invariable, but this Court has not dictated the words in which the essential information must be conveyed").

Our interpretation of *Miranda* and *Cannon* is also consistent with other jurisdictions that have considered the issue and determined that under *Miranda* an officer is not required to inform a suspect of a right to stop questioning after it has begun. *See United States v. Lares–Valdez,* 939 F.2d 688, 690 (9th Cir.1991) (finding that the *Miranda* court contemplated the right to cease questioning and declined to include it among the warnings necessary to protect a suspect's Fifth and Sixth Amendment rights); *Mock v. Rose,* 472 F.2d 619, 622 (6th Cir.1972) (holding *Miranda* warnings do not include the right to stop answering questions at any time); *Flannagin v. State,* 289 Ala. 177, 266 So.2d 643, 651 (1972) (holding an officer is not required under *Miranda* to inform a suspect that he has the right to stop questioning at any time because "[t]he right of an accused to exercise [the four *Miranda*] rights at any time during the proceeding is not a separate right of which he must be independently informed. It is, instead, the practical result of his exercising those other rights at a time of his choosing"); *Katzensky v. State,* 228 Ga. 6, 183 S.E.2d 749, 751

(1971) ("Miranda does not require the officers to advise the individual that he may withdraw the waiver of his constitutional rights at any time during the interrogation.").

For the bench, bar, and law enforcement, we recognize a need may exist to clarify any perceived confusion about the reach of *Kennedy*.[3] Regarding the language at issue herein, we interpret that part of *Kennedy* as being dicta.[4] Moreover, even if we were to interpret the reach of *Kennedy* otherwise, the South Carolina Supreme Court's opinion in *Cannon* serves as the controlling precedent for purposes of our review. While one panel of this court cannot overturn prior published precedent of another panel of this court absent en banc review, we need not do so in order to apply controlling South Carolina Supreme Court precedent. Based on the foregoing, we find that the South Carolina Supreme Court does not interpret *Miranda* to require an oral or written warning on the right to terminate an interrogation at any time and to not answer any further questions.[5]

A review of the incident site video recording indicates the officer gave Hoyle all four warnings required by *Miranda;* thus, the officer fully complied with both *Miranda* and section 56–5–2953. *See* S.C.Code Ann. § 56–5–2953(A)(1)(a)(iii) (Supp.2011) ("The video recording at the incident site must ... show the person being advised of his Miranda rights."). Therefore, we reverse the circuit court's order and reinstate the conviction.

---

3. *See* Op. S.C. Att'y Gen., 2009 WL 1968618 (June 4, 2009) (responding to an inquiry by the South Carolina Sheriffs' Association as to whether *Kennedy* affords a fifth right that must be included in a *Miranda* warning).

4. Notably, subsequent opinions from this court have cited *Kennedy* when stating the rule on *Miranda* warnings; however, no case cites the language in *Kennedy* that an officer must inform a suspect of the right to terminate the interrogation at any time and to not answer any further questions. *See State v. Breeze*, 379 S.C. 538, 544, 665 S.E.2d 247, 250 (Ct.App.2008); *State v. Lynch*, 375 S.C. 628, 633 n. 5, 654 S.E.2d 292, 295 n. 5 (Ct.App.2007).

5. Hoyle asserted various policy arguments in support of expanded warnings in South Carolina; however, we reject those arguments.

630

## CONCLUSION

Accordingly, the order of the circuit court is hereby **REVERSED.**

KONDUROS and GEATHERS, JJ., concur.