**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Timothy O. Chandler, Appellant.

Appellate Case No. 2010-179766

Appeal From Greenville County
C. Victor Pyle, Jr., Circuit Court Judge

Unpublished Opinion No. 2012-UP-557
Heard September 12, 2012 – Filed October 10, 2012

**AFFIRMED**

Appellate Defender Breen Richard Stevens, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant Deputy Attorney General David A. Spencer, all of Columbia, for Respondent.

**PER CURIAM:** Timothy Chandler appeals his conviction for indecent exposure. He argues the trial court erred in admitting into evidence an incriminating

statement he made to a detention center officer and in denying his request for a mistrial based upon the State's closing argument. We affirm the trial court's rulings.

## 1. Admission of Incriminating Statement

Chandler contends the trial court erred in admitting into evidence an admission of guilt that he made to a detention center officer because at the time of Chandler's admission: (1) Chandler was in the officer's custody; (2) the officer had failed to inform Chandler of his *Miranda* rights; and (3) the officer had subjected Chandler "to words that [the officer] should have known were likely to elicit a response from Chandler that the prosecution may seek to later introduce at trial." We disagree.

In *Miranda v. Arizona*, 384 U.S. 436 (1966), the United States Supreme Court set forth rules for enforcing the Constitution's Fifth Amendment protection against compelled self-incrimination. *Miranda* warnings must be given prior to a custodial interrogation: "To give force to the Constitution's protection against compelled self-incrimination, the United States Supreme Court established in *Miranda* 'certain procedural safeguards that require police to advise criminal suspects of their rights under the Fifth and Fourteenth Amendments before commencing **custodial interrogation**.'" *State v. Hoyle*, 397 S.C. 622, 626, 725 S.E.2d 720, 722 (Ct. App. 2012) (quoting *Duckworth v. Eagan*, 492 U.S. 195, 201 (1989) (emphasis added)). "Interrogation is either express questioning or its functional equivalent. It includes words or actions on the part of police that police should know are reasonably likely to elicit an incriminating response." *State v. Easler*, 327 S.C. 121, 127, 489 S.E.2d 617, 621 (1997) (citing *Rhode Island v. Innis*, 446 U.S. 291 (1980)). "'Interrogation,' as conceptualized in the *Miranda* opinion, must reflect a measure of compulsion above and beyond that inherent in custody itself." *Innis*, 446 U.S. at 300. However, *Miranda's* reach does not extend to voluntary statements: "Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today." *Miranda*, 384 U.S. at 478.

In *Rhode Island v. Innis*, the Court defined the term "interrogation" under the standards promulgated in the *Miranda* opinion. 446 U.S. at 298. The Court explained that the definition of interrogation extends only to words or actions that the police "should have known" were reasonably likely to elicit an incriminating response:

> We conclude that the *Miranda* safeguards come into play whenever a person in custody is subjected to either

express questioning or its functional equivalent. That is to say, the term "interrogation" under *Miranda* refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect. . . . A practice that the police should know is reasonably likely to evoke an incriminating response from a suspect thus amounts to interrogation. But, since the police surely cannot be held accountable for the unforeseeable results of their words or actions, the definition of interrogation can extend only to words or actions on the part of police officers that they *should have known* were reasonably likely to elicit an incriminating response.

*Innis*, 446 U.S. at 300-02 (emphasis in original) (footnotes omitted).

The court in *Rhode Island v. Innis* found there had been no interrogation of the respondent where there was no express questioning, and the respondent had not been subjected to the "functional equivalent" of express questioning: "It cannot be said, in short, that Patrolmen Gleckman and McKenna **should have known** that their conversation was reasonably likely to elicit an incriminating response from the respondent." *Id*. at 302 (emphasis added).

The case thus boils down to whether, in the context of a brief conversation, the officers should have known that the respondent would suddenly be moved to make a self-incriminating response. Given the fact that the entire conversation appears to have consisted of no more than a few off hand remarks, we cannot say that the officers should have known that it was reasonably likely that Innis would so respond. This is not a case where the police carried on a lengthy harangue in the presence of the suspect. Nor does the record support the respondent's contention that, under the circumstances, the officers' comments were particularly "evocative." **It is our view, therefore, that the respondent was not subjected by the police to words or actions that the police should have known were reasonably likely to elicit an incriminating response from him.**

*Id.* at 303 (emphasis added).

Relying on *Oregon v. Elstad*, 470 U.S. 298 (1985), Chandler asserts that his confession to the officer "falls within the sweep of the *Miranda* presumption of compulsion, and was inadmissible evidence in the State's case-in-chief." We disagree, and we note that *Elstad* explains: "We must conclude that, absent deliberately coercive or improper tactics in obtaining the initial statement, the mere fact that a suspect has made an unwarned admission does not warrant a presumption of compulsion." *Id.* at 314. In our case, as in *Elstad*, the "mere fact" that Chandler made an unwarned admission does not warrant the presumption of compulsion.

The State maintains that Chandler's admission to the officer was voluntary; the admission was made during the course of a casual conversation; the officer was acting in a caretaker capacity, and not in an investigative capacity, when the conversation occurred; and the conversation between the officer and Chandler never approached the level of interrogation. We agree.

The standard for requiring *Miranda* warnings is not whether the officer's remark did in fact elicit an incriminating response, but rather whether the officer should have known that his actions or words were "reasonably likely to elicit an incriminating response." Although the State acknowledges that the officer's remark may have elicited Chandler's subsequent admission of guilt, there is no evidence in the record that the officer should have known that his remark was reasonably likely to elicit an incriminating response from Chandler. The record shows that Chandler initiated the conversation and that he volunteered his incriminating statement during a casual conversation with the officer. Moreover, the officer's remark, made during his search of Chandler, was separate in time from Chandler's incriminating statement, which he made while being escorted to his cell. Furthermore, we find it significant that the officer was not acting in an investigative capacity when he had the conversation with Chandler; in fact, Chandler's incriminating statement did not come to the State's attention, and then upon happenstance, until a week before trial. We find that there was no interrogation of Chandler; therefore, *Miranda* warnings were not warranted and Chandler's voluntary statement was properly admitted into evidence.

Furthermore, the failure to suppress evidence due to a possible *Miranda* violation is harmless "if the record contains sufficient evidence to prove guilt beyond a reasonable doubt." *State v. Lynch*, 375 S.C. 628, 636, 654 S.E.2d 292, 296 (Ct. App. 2007). Here, two other officers directly witnessed Chandler's act of indecent

exposure, and both officers testified compellingly.  The testimony of these officers who witnessed Chandler's act was sufficient to prove Chandler's guilt beyond a reasonable doubt.

For the reasons stated above, we affirm the trial court's admission of Chandler's incriminating statement.

## 2.  Closing Argument

Chandler also argues the trial court erred in denying his request for a mistrial based on the State's closing argument.  Chandler contends the State made an "impermissible comment" on Chandler's exercise of his constitutional right to remain silent.  We disagree.

"A mistrial should only be granted when 'absolutely necessary,' and a defendant must show both error and resulting prejudice in order to be entitled to a mistrial." *State v. Stanley*, 365 S.C. 24, 34, 615 S.E.2d 455, 460 (Ct. App. 2005).

We find absolutely no support in the record for Chandler's contention that the State's closing argument "constituted an indirect, yet effective comment on Chandler's right to remain silent."  Furthermore, the trial court instructed the jury that no inference or presumption may be drawn from Chandler's decision not to testify or present a defense, and [this] could not be discussed.  The trial court instructed the jury:

> No presumption of guilt may be raised.  No inference of any kind may be drawn from this Defendant's decision not to testify.  Our law never imposes upon a Defendant in a criminal case the burden or duty of calling any witnesses or testifying.  Therefore, the decision of this Defendant not to take the stand and testify in his behalf cannot be taken down, discussed or considered against him in any manner whatsoever.

Accordingly, because we find no error, we reject Chandler's argument and affirm the trial court's ruling.

**AFFIRMED.**

**HUFF, THOMAS, and GEATHERS, JJ., concur.**