**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Connie Dumas, Appellant.

Appellate Case No. 2011-193106

Appeal From York County
Paul M. Burch, Circuit Court Judge

Unpublished Opinion No. 2013-UP-150
Submitted March 1, 2013 – Filed April 10, 2013

**AFFIRMED**

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General William M. Blitch, Jr., both of Columbia, for Respondent.

**PER CURIAM:** Connie Dumas appeals her convictions of armed robbery and possession of a firearm during the commission of a violent crime, arguing the trial court erred in (1) failing to suppress statements obtained due to allegedly

inadequate *Miranda*[1] warnings and (2) refusing to charge the jury on the lesser offense of common law robbery.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the trial court erred in finding Dumas received adequate *Miranda* warnings: *State v. Johnson*, 396 S.C. 182, 186, 720 S.E.2d 516, 518 (Ct. App. 2011) ("The appellate court's review in criminal cases is limited to correcting the order of the circuit court for errors of law."); *State v. Hoyle*, 397 S.C. 622, 626, 725 S.E.2d 720, 722 (Ct. App. 2012) ("[A suspect] must be warned prior to any questioning that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires." (quoting *Miranda*, 384 U.S. at 479)); *State v. Tyson*, 283 S.C. 375, 378, 323 S.E.2d 770, 771 (1984) ("*Miranda* does not mandate rigidity and an effective equivalent of the warnings can fulfill the requirement."); *Duckworth v. Eagan*, 492 U.S. 195, 198, 203-05 (1989) (holding the totality of an officer's *Miranda* warnings adequately informed a defendant of his right to have counsel present before and during questioning and a portion of the *Miranda* warnings that stated a defendant could have an appointed attorney "if and when [the defendant] [went] to court" merely described the appointment procedure).

2.  As to whether the trial court erred in refusing to instruct the jury on common law robbery: *State v. Golston*, 399 S.C. 393, 398, 732 S.E.2d 175, 178 (Ct. App. 2012) ("[T]o warrant a jury charge on [a] lesser offense, the evidence viewed as a whole must be such that the jury could conclude the defendant is guilty of the lesser offense *instead of* the indicted offense."); *id.* ("Therefore, the task of the trial court in deciding whether to charge the lesser offense, and of this court reviewing that decision on appeal, is to examine the record to determine if there is evidence upon which the jury could find the defendant was guilty of the lesser offense, but not guilty of the greater offense."); *State v. Mitchell*, 382 S.C. 1, 4, 675 S.E.2d 435, 437 (2009) ("Armed robbery occurs when a person commits robbery while either armed with a deadly weapon or alleging to be armed by the representation of a deadly weapon."); *id.* at 4-5, 675 S.E.2d at 437 ("Included in armed robbery is the lesser included offense of robbery, which is defined as the felonious or unlawful taking of money, goods, or other personal property of any value from the person of another or in his presence by violence or by putting such person in fear." (internal quotation marks omitted)); *State v. Drayton*, 293 S.C. 417, 428, 361 S.E.2d 329,

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

335 (1987) (finding no evidence to support jury charge on the lesser offense of robbery when the State alleged a defendant was guilty of armed robbery for using a gun to rob a gas station and the defendant alleged that the victim voluntarily gave him money from the cash register).

**AFFIRMED.**[2]

**HUFF, WILLIAMS, and KONDUROS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.