**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

City of Rock Hill, Appellant,

v.

Ronnie Pickett, Respondent.

Appellate Case No. 2012-208206

Appeal From York County
John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No. 2014-UP-130
Submitted February 1, 2014 – Filed March 26, 2014

**REVERSED**

Solicitor Christopher Edward Barton, of Rock Hill, for Appellant.

Michael Langford Brown, Jr., of The Law Offices of Michael L. Brown, Jr., of Rock Hill, for Respondent.

**PER CURIAM:**  This appeal arises from Ronnie Pickett's conviction in municipal court for driving with an unlawful alcohol concentration (DUAC).  The circuit

court reversed Pickett's DUAC conviction, finding the arresting officer failed to provide sufficient *Miranda*[1] warnings as required by section 56-5-2953 of the South Carolina Code (Supp. 2013).  The City of Rock Hill (City) appeals, arguing the circuit court erred in reversing Pickett's conviction because the *Miranda* warnings were sufficient.  We reverse pursuant to Rule 220(b), SCACR, and the following authorities: *Miranda*, 384 U.S. at 478-79 (holding a suspect in custody must be warned prior to any questioning that "he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires"); *State v. Hoyle*, 397 S.C. 622, 627, 725 S.E.2d 720, 723 (Ct. App. 2012) ("[T]he right to terminate the interrogation at any time and to not answer any further questions is not a required *Miranda* warning.").

**REVERSED.**[2]

**HUFF, THOMAS, and KONDUROS, JJ., concur.**

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.