**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-4080

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TYRONE C. WISE, a/k/a T-Wise, a/k/a Ty,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Joseph F. Anderson, Jr., Senior District Judge. (3:14-cr-00667-JFA-16)

Submitted: October 30, 2017                           Decided: November 14, 2017

Before MOTZ and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Connie D. Breeden, CONNIE D. BREEDEN LAW OFFICE, Columbia, South Carolina, for Appellant. John David Rowell, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyrone C. Wise pled guilty, pursuant to a written plea agreement, to conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (C), 846 (2012). The district court sentenced Wise to 188 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether the district court erred in finding that Wise's prior convictions for South Carolina armed robbery qualified as crimes of violence under the career offender Sentencing Guidelines. Wise has filed a pro se brief arguing that probable cause did not support the grand jury's indictment, the Government misled the grand jury, that the court erred in applying several sentencing enhancements, and that counsel provided ineffective assistance. We affirm the district court's judgment.

We review de novo a district court's ruling that a prior conviction qualifies as a crime of violence. *United States v. Flores-Granados*, 783 F.3d 487, 490 (4th Cir. 2015). In determining whether a prior conviction qualifies as a crime of violence, a court must apply the categorical approach or modified categorical approach, depending on the nature of the prior offense. *United States v. Montes-Flores*, 736 F.3d 357, 364 (4th Cir. 2013). "Under the categorical approach, the sentencing court must look only to the statutory definitions of the prior offenses and may not look to the particular facts underlying those convictions." *Flores-Granados*, 783 F.3d at 491 (alteration and internal quotation marks omitted). In conducting this inquiry, "we focus on the minimum conduct required to sustain a conviction for the state crime, although there must be a realistic probability, not a theoretical possibility, that a state would actually punish that conduct." *United States v.*

2

*Doctor*, 842 F.3d 306, 308 (4th Cir. 2016) (citations and internal quotation marks omitted), *cert. denied*, 137 S. Ct. 1831 (2017). The Guidelines define a crime of violence as:

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
>> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another [("the force clause")], or
>>
>> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) [(2012)] or explosive material as defined in 18 U.S.C. § 841(c) [(2012)].

U.S. Sentencing Guidelines Manual § 4B1.2(a) (2016).

We conclude that the district court correctly found that South Carolina armed robbery qualifies as a crime of violence under the Guidelines. In *Doctor*, we held that the South Carolina offense of strong arm robbery qualified as an ACCA[1] predicate under the ACCA's force clause.[2] *Id.* at 308. We recognized that robbery in South Carolina may be committed by using violence or intimidation and, that under South Carolina law, "intimidation necessarily involves threatened use of physical force." *Id.* at 309. Under South Carolina law, robbery is a lesser included offense of armed robbery. *State v.*

---

[1] Armed Career Criminal Act, 18 U.S.C. § 924(e) (2012).

[2] We have previously determined that precedents analyzing the ACCA's violent felony provision are applicable to the term "crime of violence" under USSG § 4B1.1. *See United States v. King*, 673 F.3d 274, 279 n.3 (4th Cir. 2012); *United States v. Jenkins*, 631 F.3d 680, 683 (4th Cir. 2011).

3

*Mitchell*, 675 S.E.2d 435, 437 (S.C. 2009). The only distinction between armed robbery and robbery "is the use or alleged use of a deadly weapon." *Id.* Thus, because the lesser included offense of robbery involves the threatened use of physical force, we conclude that armed robbery cannot be committed without the threatened use of physical force.

Turning to the issues Wise raises pro se, Wise's guilty plea waived all nonjurisdictional issues, including any claim of violations of constitutional rights that occurred prior to his guilty plea. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). While Wise argues that the district court erred in applying two sentencing enhancements, the district court calculated his Guidelines range using the career offender Guidelines and did not use these enhancements. Additionally, the record does not conclusively demonstrate that counsel provided ineffective assistance and thus Wise should raise this claim, if at all, in a 28 U.S.C. § 2255 (2012) motion. *See United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for review. We therefore affirm the district court's judgment. This court requires that counsel inform Wise, in writing, of the right to petition the Supreme Court of the United States for further review. If Wise requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wise.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*