**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Richard A. Capell, Appellant.

Appellate Case No. 2016-000475

———————

Appeal From Richland County
Clifton B. Newman, Circuit Court Judge

———————

Unpublished Opinion No. 2017-UP-440
Submitted October 1, 2017 – Filed November 22, 2017

———————

**AFFIRMED**

———————

Appellate Defender Laura Ruth Baer, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Assistant Attorney General Vann Henry Gunter, Jr., and Solicitor Daniel Edward Johnson, all of Columbia, for Respondent.

———————

**PER CURIAM:** Richard Capell appeals his conviction for pointing a firearm, arguing the circuit court erred by finding he was not immune from prosecution

pursuant to the Protection of Persons and Property Act (the Act).[1]  We affirm pursuant to Rule 220(b), SCACR, and the following authorities: S.C. Code Ann. § 16-11-440(C) ("A person who is not engaged in an unlawful activity and who is attacked in another place where he has a right to be . . . has no duty to retreat and has the right to stand his ground and meet force with force, including deadly force, if he reasonably believes it is necessary to prevent death or great bodily injury to himself . . . ."); *State v. Curry*, 406 S.C. 364, 370, 752 S.E.2d 263, 266 (2013) ("A claim of immunity under the Act requires a pretrial determination using a preponderance of the evidence standard, which this court reviews under an abuse of discretion standard of review."); *State v. Douglas*, 411 S.C. 307, 316, 768 S.E.2d 232, 237 (Ct. App. 2014) ("An abuse of discretion occurs when the [circuit] court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support."(quoting *State v. Pittman*, 373 S.C. 527, 570, 647 S.E.2d 144, 166-67 (2007))); *id.* at 316, 768 S.E.2d at 238 (recognizing the appellate court "does not re-evaluate the facts based on its own view of the preponderance of the evidence but simply determines whether the [circuit] court's ruling is supported by any evidence" (quoting *State v. Mitchell*, 382 S.C. 1, 4, 675 S.E.2d 435, 437 (2009))); *State v. Scott*, 420 S.C. 108, 114, 800 S.E.2d 793, 796 (Ct. App. 2017) (stating the clear language of section 16-11-440(C) requires the defendant to be attacked), *cert. pending*; *Douglas*, 411 S.C. at 320 n.7, 768 S.E.2d at 239-40 n.7 ("[T]he standard [under the Act] for evaluating whether an accused had a reasonable belief that deadly force was necessary to prevent great bodily harm to himself is objective, rather than subjective.").

**AFFIRMED.**[2]

**SHORT, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] S.C. Code Ann. §§ 16-11-410 to -450 (2015).
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.