**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Marquez Devon Glenn, Appellant.

Appellate Case No. 2020-001122

---

Appeal From Greenville County
Letitia H. Verdin, Circuit Court Judge

---

Unpublished Opinion No. 2023-UP-078
Submitted January 31, 2023 – Filed March 1, 2023

---

**AFFIRMED**

---

Christopher Todd Brumback and Spencer Davis Langley, both of Brumback & Langley, LLC, of Greenville, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General William M. Blitch, Jr., both of Columbia, for Respondent.

---

**PER CURIAM:** Marquez Devon Glenn appeals an order of the circuit court denying him immunity from prosecution under the Protection of Persons and

Property Act[1] (the Act). On appeal, Glenn argues the circuit court erred because he established all of the elements of self-defense, particularly that he was in imminent danger of losing his life or sustaining serious bodily injury as he was the victim of an unprovoked attack.

We hold there is evidence in the record to support the circuit court's determination that Glenn failed to prove he was actually in imminent danger or that a reasonably prudent man of ordinary firmness and courage would have held the same belief and acted in kind in shooting the victim. Multiple independent eyewitnesses testified the victim was calm when he approached Glenn and did not appear to have a gun; the victim did not did not physically attack Glenn and instead was merely a bystander to the altercation between Glenn and the victim's uncle; and although law enforcement was on the scene within moments of the shooting, Glenn told officers only that a man had been shot but did not admit to being the shooter or say he had fired in self-defense, then left the scene and threw his gun into a river. We therefore affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Curry*, 406 S.C. 364, 370, 752 S.E.2d 263, 266 (2013) ("A claim of immunity under the Act requires a pretrial determination using a preponderance of the evidence standard, which [an appellate] court reviews under an abuse of discretion standard of review."); *State v. Oakes*, 421 S.C. 1, 13, 803 S.E.2d 911, 918 (Ct. App. 2017) ("An abuse of discretion occurs when the [circuit] court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support."); *State v. Mitchell*, 382 S.C. 1, 4, 675 S.E.2d 435, 437 (2009) (explaining that under this standard of review, this court "does not re-evaluate the facts based on its own view of the preponderance of the evidence but simply determines whether the [circuit] court's ruling is supported by any evidence"); S.C. Code Ann. § 16-11-450(A) (2015) ("A person who uses deadly force as permitted by the provisions of this article or another applicable provision of law . . . is immune from criminal prosecution . . . ."); S.C. Code Ann. § 16-11-440(C) (2015) ("A person who is not engaged in an unlawful activity and who is attacked in another place where he has a right to be . . . has no duty to retreat and has the right to stand his ground and meet force with force, including deadly force, if he reasonably believes it is necessary to prevent death or great bodily injury to himself or another person . . . ."); *Curry*, 406 S.C. at 371, 752 S.E.2d at 266 ("[T]he [circuit] court must necessarily consider the elements of self-defense in determining a defendant's entitlement to the Act's immunity [under subsection C]. This includes all elements of self-defense, save the duty to retreat."); *id.* at 371 n.4, 752 S.E.2d at 266 n.4 (explaining that the remaining

---

[1] S.C. Code Ann. §§ 16-11-410 to -450 (2015).

elements of self-defense are (1) "the defendant must be without fault in bringing on the difficulty"; (2) "the defendant must have actually believed he was in imminent danger of losing his life or sustaining serious bodily injury, or he actually was in such imminent danger"; (3) "if his defense is based upon his belief of imminent danger, a reasonably prudent man of ordinary firmness and courage would have entertained the same belief" or "[i]f the defendant actually was in imminent danger, the circumstances were such as would warrant a man of ordinary prudence, firmness and courage to strike the fatal blow in order to save himself from serious bodily harm or losing his own life."); *id.* at 372, 752 S.E.2d at 267 ("Appellant's claim of self-defense presents a quintessential jury question, which, most assuredly, is not a situation warranting immunity from prosecution.").

**AFFIRMED.**[2]

**WILLIAMS, C.J., THOMAS, J., and LOCKEMY, A.J., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.