**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 15-4684

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JERROD LAQON MACK,

Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:15-cr-00255-CCE-1)

Argued:  December 8, 2016                                       Decided:  May 1, 2017

Before NIEMEYER, KING, and AGEE Circuit Judges.

Affirmed by published opinion.  Judge Niemeyer wrote the opinion, in which Judge King and Judge Agee joined.

**ARGUED:** Mireille P. Clough, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Winston-Salem, North Carolina, for Appellant.  Kyle David Pousson, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee. **ON BRIEF:** Louis C. Allen, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Ripley Rand, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

NIEMEYER, Circuit Judge:

After Jerrod Laqon Mack pleaded guilty to possession of a stolen firearm knowing that it was stolen, in violation of 18 U.S.C. § 922(j) and § 924(a)(2), the district court sentenced him to 70 months' imprisonment, a sentence at the low end of the range recommended by the Sentencing Guidelines. In calculating the recommended Guidelines range, the court applied U.S.S.G. § 2K2.1(a)(2) (2014), which provided for a base offense level of 24 for the firearm offense at issue when the defendant has "at least two [prior] felony convictions of either a crime of violence or a controlled substance offense." The court relied on Mack's two prior North Carolina convictions for (1) attempted first-degree burglary and conspiracy to commit first-degree burglary, and (2) felony breaking and entering, concluding that they were crimes of violence as defined in U.S.S.G. § 4B1.2(a) (2014). With respect to the first of these prior convictions, the court relied on the commentary to § 4B1.2, which provided that the term "'[c]rime of violence' . . . include[s] the offense of . . . conspiring[] and attempting to commit such offenses." *Id.* cmt. n.1.

Challenging his sentence on appeal, Mack argued that because *conspiracies* and *attempts* to commit burglary do not constitute the completed crime of burglary, as enumerated in the text of § 4B1.2(a), the Guidelines Commentary relied on by the district court to include conspiracies and attempts must be a construction of § 4B1.2(a)(2)'s "residual clause." The residual clause includes in the definition of crime of violence any crime involving "conduct that presents a serious potential risk of physical injury to another." He reasoned that because the Supreme Court in *Johnson v. United States*, 135

2

S. Ct. 2551 (2015), found the same residual-clause language, as contained in the Armed Career Criminal Act of 1984 ("ACCA"), unconstitutionally vague, the residual clause in § 4B1.2(a)(2) is likewise unconstitutionally vague, thus invalidating the text for which the Commentary provides explanation.

The government conceded that *Johnson* prevented the district court from relying on the residual clause in U.S.S.G. § 4B1.2(a)(2). But it contended that Mack's prior conviction for attempting and conspiring to commit first-degree burglary nonetheless qualified as a crime of violence because the Commentary's inclusion of inchoate offenses such as conspiracies and attempts was a valid construction of the broader term "crime of violence," rather than necessarily being an interpretation of the residual clause.

After we heard oral argument, the Supreme Court decided *Beckles v. United States*, 137 S. Ct. 886 (2017), which held that the Sentencing Guidelines are not subject to vagueness challenges under the Due Process Clause and therefore that § 4B1.2(a)(2)'s residual clause is not void for vagueness. Based on *Beckles*, we now reject Mack's vagueness challenge to § 4B1.2(a). Concluding that Mack's North Carolina conviction for attempting and conspiring to commit first-degree burglary qualifies as a crime of violence under § 4B1.2(a)(2), we affirm the district court's sentence.

I

In sentencing Mack, the district court determined that his base offense level was 24, as provided in U.S.S.G. § 2K2.1(a)(2) for defendants convicted of violating 18 U.S.C. § 922(j) who have two prior convictions for a "crime of violence." Applying the

3

definition of "crime of violence" provided in U.S.S.G. § 4B1.2(a), the court found that Mack had two prior North Carolina convictions that satisfied this predicate-crimes requirement. The presentence report, on which the court relied, showed that Mack was sentenced in November 2012 in North Carolina state court to 25 to 42 months' imprisonment for having committed "felony attempted first degree burglary" and "felony conspiracy to commit first degree burglary" in May 2012, in violation of N.C. Gen. Stat. § 14-51. It also showed that Mack was sentenced in March 2014 in state court to 8 to 19 months' imprisonment for "felony breaking and entering" in June 2012, in violation of N.C. Gen. Stat. § 14-54.

While Mack did not, at sentencing, dispute his criminal record, he argued that after the Supreme Court's decision in *Johnson,* his conviction of *attempting* and *conspiring* to commit first-degree burglary did not qualify as a crime of violence under § 4B1.2(a). That section, in the version in force at the time of Mack's sentencing, defined a "crime of violence" as:

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that —
>
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> >
> > (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*.

U.S.S.G. § 4B1.2(a) (2014) (emphasis added to the residual clause).[1]  And Application Note 1 to § 4B1.2 provided that a "'[c]rime of violence' . . . include[s] the offenses of aiding and abetting, *conspiring*, and *attempting* to commit such offenses." (Emphasis added).  Mack argued that because the language of the residual clause in § 4B1.2(a) was the same as the language in the residual clause in ACCA, which *Johnson* had held was unconstitutionally vague, the residual clause in the Sentencing Guidelines was likewise invalid.  He argued further that the text of § 4B1.2(a) included only the *completed* crime of "burglary of a dwelling," such that the government would have to rely on the residual clause to cover his conspiracy and attempt conviction.  And because the residual clause was invalid, the district court could not rely on the commentary to include inchoate offenses such as conspiracy and attempt.

The district court rejected Mack's arguments, concluding that Application Note 1 to § 4B1.2(a) had the force of law and therefore that Mack's conspiracy and attempt conviction was a crime of violence.

From the district court's judgment, Mack filed this appeal.

---

[1]  After the sentencing in this case, which took place on October 15, 2015, the Sentencing Commission amended U.S.S.G. § 4B1.2(a), effective August 1, 2016, by, among other things, deleting the residual clause and expanding the "enumerated offense clause."  The Commission explained that the change was made because of a lack of clarity in the residual clause that had prompted a significant amount of litigation, particularly after *Johnson*.  Amend. 798, U.S.S.G. app. C, at 127–30 (Supp. Nov. 1, 2016).

5

Mack's sole argument on appeal is that his North Carolina felony conviction for conspiracy and attempt to commit first-degree burglary is not a crime of violence under the Sentencing Guidelines' definition in § 4B1.2(a) and therefore that his base offense level for his illegal possession of a stolen firearm violation should not have been enhanced based on this conviction. He argues that because *Johnson* held that the residual clause in ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague, the Guidelines' residual clause in § 4B1.2(a)(2), which uses the same language, is likewise unconstitutionally vague.

After Mack made that argument, both in his brief and at oral argument, the Supreme Court issued its decision in *Beckles,* 137 S. Ct. 886. In *Beckles*, the petitioner was convicted of possession of a firearm by a felon and sentenced as "career offender" under the Sentencing Guidelines — a sentencing enhancement that, like Mack's base offense level, depended on the defendant having two prior convictions for a "crime of violence," as that term is defined in U.S.S.G. § 4B1.2(a). *Id* at 890–91. The petitioner challenged his sentence, arguing that one of his prior convictions was not a crime of violence after the Court's decision in *Johnson*. *Id*. at 891–92. The government conceded, as it did here, that the residual clause in § 4B1.2(a) was unconstitutionally vague, but it argued that the petitioner's sentence nonetheless remained valid. *Id.* at 892. The Court, however, did not accept the government's concession. Instead, it rejected the petitioner's effort to apply *Johnson* to the Sentencing Guidelines, explaining:

> Unlike the ACCA, . . . the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

*Id.*

This decision clearly forecloses Mack's argument based on *Johnson*. With the residual clause remaining in force, we must now apply § 4B1.2(a) with all its relevant language, including the residual clause and any Guidelines Commentary that may explain it.

Mack concedes that "with . . . § 4B1.2(a)(2)'s residual clause intact, the commentary that includes attempts and conspiracies as crimes of violence [is] consistent with the language of the guideline." *See Stinson v. United States*, 508 U.S. 36, 38 (1993) ("[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it . . . is inconsistent with, or a plainly erroneous reading of, that guideline"). This concession represents a common-sense understanding of the residual clause — inchoate crimes that would qualify as violent if completed "present[] a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2) (2014). Accordingly, because the completed crime of "burglary of a dwelling" is enumerated as a crime of violence in the text of § 4B1.2(a), it follows that, based on the Commentary, *attempts* and *conspiracies* to commit "burglary of a dwelling" similarly qualify. The question remains, however, whether the North Carolina crime of first-degree burglary, N.C. Gen. Stat. § 14-51, qualifies as a crime of violence under § 4B1.2(a) (2014).

7

In making this determination, we use a two-step "categorical approach." *See United States v. Peterson*, 629 F.3d 432, 435 (4th Cir. 2011). First, we establish the "generic" definition of the Guidelines-enumerated offense, either from prior cases or, where courts have not interpreted the enumerated offense, by "distill[ing] a 'generic' definition of the predicate offense based on how the offense is defined 'in the criminal codes of most states.'" *Id.* at 436 (quoting *Taylor v. United States,* 495 U.S. 575, 598 (1990)). Then we decide whether the state offense is a "categorical match" to the generic offense — that is, whether a defendant convicted of the state offense necessarily satisfied the elements of the generic offense. If so, the defendant's conviction for the state offense counts as a conviction of the Guidelines-enumerated offense.

The generic definition of burglary is well established to mean the "unlawful or unprivileged entry into . . . a building or other structure, with intent to commit a crime." *Taylor*, 495 U.S. at 598. And with the added requirement in § 4B1.2(a)(2) that the burglary be "of a *dwelling*," the *Taylor* requirement of a "building or other structure" is, in turn, limited to a dwelling. *See United States v. Bonilla*, 687 F.3d 188, 190 n.3 (4th Cir. 2012). In other words, to qualify categorically, the state offense must require (1) the unlawful or unprivileged entry into a dwelling (2) with intent to commit a crime.

Applying these principles, we conclude that a North Carolina conviction of first-degree burglary under N.C. Gen. Stat. § 14-51 categorically matches the generic definition of burglary of a dwelling in § 4B1.2(a). To obtain a conviction for first-degree burglary in North Carolina, the State must prove "(i) the breaking (ii) and entering (iii) in the nighttime (iv) *into the dwelling house or sleeping apartment* (v) of another (vi) which

8

is actually occupied at the time of the offense (vii) *with the intent to commit a felony therein.*" *State v. Singletary*, 472 S.E.2d 895, 899 (N.C. 1996) (emphasis added) (citing N.C. Gen. Stat. § 14-51). While this formulation does not explicitly require an "unlawful or unprivileged entry," state decisions show that it is an essential element of the North Carolina crime. *See State v. Upchurch*, 421 S.E.2d 577, 588 (N.C. 1992) (noting that to support a conviction for first-degree burglary, the breaking and entering must be "without the consent of anyone authorized to give consent"). Accordingly, Mack's prior conviction in North Carolina for conspiracy and attempt to commit first-degree burglary is a crime of violence under § 4B1.2(a).[2]

In sum, we conclude that the district court properly considered Mack's North Carolina conviction for conspiring and attempting to commit first-degree burglary as a predicate offense under § 2K2.1(a)(2), which provides for a base offense level of 24

_____

[2] Mack does not challenge the district court's use of his prior conviction for felony breaking and entering under N.C. Gen. Stat. § 14-54 as the second predicate crime of violence required by U.S.S.G. § 2K2.1(a)(2). Nonetheless, the government notified us after oral argument that it had abandoned its argument that the North Carolina breaking and entering conviction qualified as "burglary of a dwelling" for purposes of U.S.S.G. § 4B1.2(a). It maintains, however, that the felony breaking and entering offense would still qualify as a crime of violence under the residual clause in § 4B1.2(a)(2), citing *Leocal v. Ashcroft*, 543 U.S. 1, 10 (2004) (construing 18 U.S.C. § 16(b)'s residual clause and explaining that "burglary would be covered . . . because burglary, by its nature, involves a substantial risk that the burglar will use force against a victim in completing the crime"). *See also In re Hubbard*, 825 F.3d 225, 230 (4th Cir. 2016) (assuming that defendant's ability to challenge use of Kentucky third-degree burglary as a predicate offense supporting a Guidelines enhancement depended on § 4B1.2's residual clause being invalid); *United States v. Mungro*, 754 F.3d 267, 270 (4th Cir. 2014) (holding that North Carolina breaking and entering qualifies as generic "burglary" for purposes of ACCA, as it requires an "unlawful or unprivileged" entry). Because this issue has not been raised on appeal, we do not address it.

when the defendant has "at least two felony convictions of . . . a crime of violence," as that term is defined in § 4B1.2(a).

AFFIRMED