**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4341**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TRON MERTELL HARRISON, a/k/a Emanuel Lamont Reeves,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Terry L. Wooten, Chief District Judge. (3:15-cr-00549-TLW-1)

Submitted: June 14, 2017                         Decided: June 21, 2017

Before SHEDD and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Daniel C. Leonardi, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant. Beth Drake, United States Attorney, William K. Witherspoon, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tron Mertell Harrison pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a), (e) (2012). The district court applied a two-level sentencing enhancement pursuant to U.S. Sentencing Guidelines Manual § 2K2.1(a)(2) (2015) because Harrison committed the firearm offense after sustaining one felony conviction for a controlled substance offense and one felony conviction for South Carolina criminal conspiracy, in violation of S.C. Code Ann. § 16-17-410 (2015).[*] Harrison appeals the district court's application of the § 2K2.1(a)(2) enhancement, contending that criminal conspiracy does not amount to a crime of violence as defined in the Sentencing Guidelines. We affirm.

We review de novo a district court's determination of questions of law. *United States v. McNeal*, 818 F.3d 141, 151 (4th Cir.), *cert. denied*, 137 S. Ct. 164 (2016). We

---

[*] In its entirety, the statute reads:

> The common law crime known as "conspiracy" is defined as a combination between two or more persons for the purpose of accomplishing an unlawful object or lawful object by unlawful means.

> A person who commits the crime of conspiracy is guilty of a felony and, upon conviction, must be fined not more than five thousand dollars or imprisoned not more than five years.

> A person who is convicted of the crime of conspiracy must not be given a greater fine or sentence than he would receive if he carried out the unlawful act contemplated by the conspiracy and had been convicted of the unlawful act contemplated by the conspiracy or had he been convicted of the unlawful acts by which the conspiracy was to be carried out or effected.

S.C. Code Ann. § 16-17-410.

have long held that when looking at a "conspiracy statute [that] does not fully define the criminal act," the sentencing court must "go beyond the general elements of a criminal conspiracy statute to determine whether a violent felony was the object of the conspiracy." *United States v. Ward*, 171 F.3d 188, 192–93 (4th Cir. 1999). "When presented with a prior conviction for conspiracy, a sentencing court can determine the object of the conspiracy from the record of conviction, the charging document, and the jury instructions." *Id.* at 193. We reaffirmed this approach in *United States v. White*, where we considered a North Carolina conspiracy common law offense that–like the South Carolina conspiracy statute here–is general in nature and does not require an overt act. 571 F.3d 365, 367–68 (4th Cir. 2009), *abrogated on other grounds by Johnson v. United States*, 135 S. Ct. 2551 (2015). There, as in *Ward*, we applied the categorical approach to the object crime because "[t]he Conspiracy Offense cannot be divorced from its violent objective," in that case, robbery with a dangerous weapon. *Id.* at 372 (citing *Ward*, 171 F.3d at 193); *see also United States v. Mack*, 855 F.3d 581, 585 (4th Cir. 2017) ("[B]ecause the completed crime . . . is enumerated as a crime of violence . . . it follows that, based on the Commentary, *attempts* and *conspiracies* to commit [the completed crime] similarly qualify.").

In this case, Harrison's conviction for criminal conspiracy in South Carolina established that he conspired to commit armed robbery. It follows, then, that Harrison's conspiracy offense "cannot be divorced" from his object crime: armed robbery. *See White*, 571 F.3d at 372. And it is undisputed that South Carolina armed robbery is a crime of violence. Not only is "robbery" enumerated in the Guidelines as such, USSG

3

§ 4B1.2 cmt. n.1 (2015), but armed robbery also falls within the force clause, as it includes as an element the use, attempted use, or threatened use of physical force against the person of another, *see United States v. Doctor*, 842 F.3d 306, 312–13 (4th Cir. 2016), *cert. denied*, __ S. Ct. __, No. 16-8435, 2017 WL 1079626 (U.S. Apr. 24, 2017) (holding that South Carolina strong arm robbery–a lesser included offense of armed robbery–falls within force clause). Because armed robbery is a crime of violence, Harrison's conspiracy to commit armed robbery similarly qualifies, and the district court did not err when it imposed the § 2K2.1(a)(2) sentence enhancement based in part on this predicate crime of violence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*