**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4260**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTONIO ANTHONY WILLIAMS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., Chief District Judge.  (1:14-cr-00144-WO-1)

Submitted:  July 20, 2017                              Decided:  July 28, 2017

Before DUNCAN, WYNN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Todd A. Smith, LAW OFFICE OF TODD ALLEN SMITH, Graham, North Carolina, for Appellant.  Robert Albert Jamison Lang, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Anthony Williams appeals his conviction and 51-month sentence imposed following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). On appeal, Williams' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that Williams can raise no meritorious grounds for appeal but questioning whether the district court erred in sentencing Williams. Williams was notified of his right to file a pro se supplemental brief but has not done so. The Government has declined to file a response brief. For the reasons that follow, we affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We first determine whether the district court committed significant procedural error, such as incorrect calculation of the Sentencing Guidelines range, inadequate consideration of the 18 U.S.C. § 3553(a) (2012) factors, or insufficient explanation of the sentence imposed. *United States v. Dowell*, 771 F.3d 162, 170 (4th Cir. 2014).

In evaluating the district court's Guidelines calculations, we review the district court's factual findings for clear error and its legal conclusions de novo. *United States v. White*, 771 F.3d 225, 235 (4th Cir. 2014). We review unpreserved Guidelines challenges for plain error. *United States v. Aplicano-Oyuela*, 792 F.3d 416, 422 (4th Cir. 2015); *see Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343, 1345 (2016) (describing standard).

If we find no procedural error, we examine the substantive reasonableness of the sentence under "the totality of the circumstances." *Gall*, 552 U.S. at 51. The sentence imposed must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. *See* 18 U.S.C. § 3553(a). We presume on appeal that a within-Guidelines sentence is substantively reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). Williams bears the burden to rebut this presumption "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

In his *Anders* brief, counsel advises that Williams has questioned the impact of *Johnson v. United States*, 135 S. Ct. 2551 (2015), on his sentence. Williams received an enhanced base offense level based on the sentencing court's finding that he committed his underlying federal offense "subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." U.S. Sentencing Guidelines Manual § 2K2.1(a)(4)(A) (2015); *see* USSG § 4B1.2(a) (defining "crime of violence"). As a predicate crime of violence for the enhancement, the court relied upon Williams' prior North Carolina convictions for first degree burglary, each of which was consolidated with a North Carolina conviction for robbery with a dangerous weapon. Counsel concedes that these prior offenses qualify as crimes of violence that support the enhanced base offense level. In light of recent authority, we conclude that counsel's concession is well taken.

In *Johnson*, the Supreme Court determined that the residual clause of the Armed Career Criminal Act (ACCA), reaching offenses that "involve[] conduct that presents a serious potential risk of physical injury to another," *see* 18 U.S.C. § 924(e)(2)(B)(ii)

3

(2012), is unconstitutionally vague. 135 S. Ct. at 2556-63. In *Beckles v. United States*, 137 S. Ct. 886 (2017), however, the Supreme Court declined to extend the reasoning in *Johnson* to the Guidelines, holding that the Guidelines are not subject to a due process vagueness challenge and that the residual clause under USSG § 4B1.2(a) is not void for vagueness. 137 S. Ct. at 895. In light of *Beckles*, Williams cannot raise a vagueness challenge to his predicate crimes of violence under *Johnson*. Further, any potential challenge Williams could raise to the classification of his predicate convictions as crimes of violence is foreclosed by recent opinions from this court. *See United States v. Mack*, 855 F.3d 581, 586 (4th Cir. 2017) (holding that North Carolina first degree burglary categorically qualifies as generic "burglary" enumerated under USSG § 4B1.2(a)); *United States v. Burns-Johnson*, __ F.3d __, No. 16-4338, 2017 WL 3027872, at *1, *5 (4th Cir. July 19, 2017) (holding that North Carolina robbery with dangerous weapon categorically qualifies as violent felony under ACCA's force clause); *see also United States v. Montes-Flores*, 736 F.3d 357, 363 (4th Cir. 2013) (recognizing that decisions evaluating whether offense qualifies as ACCA violent felony are used interchangeably with decisions evaluating whether offense qualifies as Guidelines crime of violence). Thus, we find no error, plain or otherwise, in Williams' enhanced base offense level.

Our review of the record reveals that Williams' sentence is reasonable. The district court properly calculated Williams' Guidelines range and sentenced him within that range and the applicable statutory maximum. The court considered the parties' arguments in sentencing Williams and articulated a reasoned basis for the sentence it imposed, grounded in the 18 U.S.C. § 3553(a) factors. Further, Williams fails to rebut

4

the presumption of reasonableness accorded his within-Guidelines sentence.  *See Louthian*, 756 F.3d at 306.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm Williams' conviction and sentence.  This court requires that counsel inform Williams, in writing, of the right to petition the Supreme Court of the United States for further review.  If Williams requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Williams.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*