**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No. 16-4278

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DAMARLO JAMON PERRY,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., Chief District Judge. (1:15-cr-00389-WO-1)

Submitted: August 15, 2017                       Decided: August 17, 2017

Before TRAXLER, SHEDD, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mark Everette Edwards, EDWARDS & TRENKLE, PLLC, Durham, North Carolina, for Appellant. Sandra J. Hairston, Acting United States Attorney, Robert A.J. Lang, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Damarlo Jamon Perry appeals the sentence imposed by the district court following his guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). On appeal, Perry challenges the application of the base offense level in U.S. Sentencing Guidelines Manual § 2K2.1(a)(4)(A) (2015), arguing that his predicate conviction for North Carolina conspiracy to commit armed robbery no longer qualifies as crime of violence following *Johnson v. United States*, 135 S. Ct. 2551 (2015). We affirm.

Recent decisions by the Supreme Court and this court foreclose Perry's argument. *See Beckles v. United States*, 137 S. Ct. 886, 892 (2017) (holding that Sentencing Guidelines, including residual clause that § 2K2.1(a)(4)(A) cross-references, "are not subject to a vagueness challenge under the Due Process Clause"); *United States v. Burns-Johnson*, __ F.3d __, __, 2017 WL 3027872 (4th Cir. July 18, 2017) (holding that North Carolina conviction for robbery with dangerous weapon categorically qualifies as violent felony under Armed Career Criminal Act's force clause); *United States v. Mack*, 855 F.3d 581, 585 (4th Cir. 2017) (concluding that conspiracies and attempts to commit enumerated crime qualify as crimes of violence). We therefore reject Perry's argument that his conviction for North Carolina conspiracy to commit robbery with a dangerous weapon is not a crime of violence under the force clause set forth in USSG § 4B1.2(a)(1).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*