**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4403**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ELBERT BENJAMIN BELL,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:15-cr-00294-MOC-DSC-1)

Submitted: October 31, 2017                    Decided: November 29, 2017

Before MOTZ and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Ross Hall Richardson, Interim Defender, Joshua B. Carpenter, FEDERAL PUBLIC DEFENDER FOR THE WESTERN OF NORTH CAROLINA, Asheville, North Carolina, for Appellant. Jill Westmoreland Rose, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Elbert Benjamin Bell appeals his sentence imposed by the district court after his guilty plea to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2012). Bell argues that the district court erred in determining that North Carolina second-degree murder is a crime of violence under U.S. Sentencing Guidelines Manual § 2K2.1(a)(4)(A) (2015), as that term is defined in USSG § 4B1.2(a).[*] We affirm.

When a person is sentenced for unlawfully possessing a firearm, the base offense level is 20 if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." USSG § 2K2.1(a)(4)(A). At the time the district court sentenced Bell, the Guidelines defined "crime of violence" as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> >
> > (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

---

[*] The district court sentenced Bell in June 2016. The Sentencing Commission subsequently amended § 4B1.2(a)(2), effective August 1, 2016, to remove the residual clause from the "crime of violence" definition and to include murder and voluntary manslaughter, among other offenses, in the text of the Sentencing Guidelines rather than in the commentary. *See Beckles v. United States*, 137 S. Ct. 886, 897 (2017) (Ginsburg, J., concurring in the judgment) ("Harmonious with federal law and the text of § 4B1.2(a), that commentary was authoritative." (internal quotation marks omitted)).

2

USSG § 4B1.2(a). Because Bell objected to the district court's conclusion that his conviction qualified as a crime of violence, we review the classification de novo. *United States v. Carthorne*, 726 F.3d 503, 509 (4th Cir. 2013). We use the categorical approach to determine whether a prior state conviction constitutes a crime of violence under § 4B1.2. *United States v. Mack*, 855 F.3d 581, 585-86 (4th Cir. 2017). "Under the categorical approach, the sentencing court must look only to the statutory definitions of the prior offenses and may not look to the particular facts underlying those convictions." *United States v. Flores-Granados*, 783 F.3d 487, 491 (4th Cir. 2015) (alteration and internal quotation marks omitted).

North Carolina second-degree murder is "the unlawful killing of a human being with malice but without premeditation and deliberation." *State v. Thibodeaux*, 532 S.E.2d 797, 806 (N.C. 2000) (internal quotation marks omitted). "[U]nlawfully killing another human being requires the use of force capable of causing physical pain or injury to another person." *In re Irby*, 858 F.3d 231, 235 (4th Cir. 2017) (internal quotation marks omitted). "[F]orce," as used in the force clause, means "force capable of causing physical pain or injury to another person." *Id.* at 236 (internal quotation marks omitted).

Because North Carolina second-degree murder requires the unlawful killing of a human being, we conclude that it qualifies as a crime of violence under § 4B1.2(a).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3