**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4404**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

YAHKI JAMAR JACKSON, a/k/a AB,

               Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:14-cr-00425-WO-1)

Submitted:  December 27, 2017               Decided:  January 11, 2018

Before SHEDD, AGEE, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James B. Craven, III, Durham, North Carolina, for Appellant.  Sandra Hairston, Acting United States Attorney, Kyle D. Pousson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Yahki Jamar Jackson pleaded guilty to distribution of cocaine base and received a 151-month sentence. Counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there were no meritorious issues, but questioning whether Jackson's sentence was substantively reasonable, whether he qualified as a career offender due to his age at the time of the predicate felony common law robbery offense, and whether he received ineffective assistance of counsel due to counsel allegedly not visiting him in prison to explain the presentence report to him. Jackson argued in his pro se supplemental brief that he no longer qualifies as a career offender in light of *Johnson v. United States*, 135 S. Ct. 2551, 2557, 2563 (2015), which declared the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e) (2012), unconstitutionally vague.

Following a review of the record pursuant to *Anders*, the court directed the parties to file supplemental briefs addressing whether Jackson's prior conviction for felony common law robbery was a qualifying conviction under the career offender guideline. We first conclude that the issues raised in the original *Anders* brief are without merit. *See* U.S. Sentencing Guidelines Manual § 4B1.1(a) (2014) (defendant must be at least 18 years old at the time of the *instant* offense to qualify as a career offender); *United States v. Helton*, 782 F.3d 148, 151 (4th Cir. 2015) (presumption of reasonableness for sentence within the Sentencing Guidelines range); *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016) (on direct appeal, attorney's ineffectiveness must conclusively appear on the record). However, the issue of whether a North Carolina felony common law robbery

2

conviction is a valid predicate conviction under the Sentencing Guidelines career offender residual clause warrants further discussion.

Because Jackson had North Carolina convictions for felony common law robbery and felony possession with intent to manufacture cocaine, the probation officer determined that Jackson qualified as a career offender under U.S. Sentencing Guidelines Manual § 4B1.1(a), (b)(3) (2014). At sentencing, Jackson did not object to the determination that he qualified as a career offender. Under the Sentencing Guidelines, a defendant is a career offender if (1) he was at least eighteen years old at the time he committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) he has at least two prior felony convictions of either a crime of violence or a controlled substance offense. USSG § 4B1.1(a).

At the time of Jackson's sentencing, § 4B1.2 defined a "crime of violence" as any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that:

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*.

USSG § 4B1.2(a) (emphasis added to the "residual clause"). Section 4B1.2(a)(1) involves the "force clause" and § 4B1.2(a)(2) involves the residual clause. Further, the commentary to § 4B1.2 enumerated "robbery" as a crime of violence. USSG §4B1.2, cmt. n.1.

Although Jackson acknowledged that, at the time of his sentencing, the contested conviction was considered to be a crime of violence for sentencing purposes, on appeal he contends that this is no longer true, relying on *Johnson* and *United States v. Gardner*, 823 F.3d 793, 801-04 (4th Cir. 2016) (North Carolina common law robbery does not qualify as a violent felony under the ACCA). In *Johnson*, the Supreme Court held that the residual clause of the ACCA's definition of "violent felony," which includes any offense that "involves conduct that presents a serious potential risk of physical injury to another" was void for vagueness. *Id.* at 2563. The Supreme Court subsequently decided in *Beckles v. United States*, 137 S. Ct. 886 (2017), that the Sentencing Guidelines are not subject to vagueness challenges under the Due Process Clause and therefore § 4B1.2(a)(2)'s residual clause is not void for vagueness. *Accord*, *United States v. Mack*, 855 F.3d 581, 585 (4th Cir. 2017). In light of the holding in *Beckles*, we may rely on the residual clause in deciding that North Carolina common law robbery is a crime of violence under the career offender guideline.

Because Jackson did not object to his career offender status in the district court, this issue is reviewed for plain error. *United States v. Price*, 777 F.3d 700, 711 (4th Cir. 2015). To satisfy plain error review, Jackson must show "that (1) an error was committed, (2) the error was plain, and (3) the error affected [his] substantial rights." *Id.* (internal quotation marks omitted). An error is plain if, "at the time of appellate consideration, . . . the settled law of the Supreme Court or this [C]ircuit establishes that an error has occurred." *United States v. Ramirez-Castillo*, 748 F.3d 205, 215 (4th Cir. 2014) (internal quotation marks omitted). However, even if Jackson makes the requisite

4

showing, correction of the error lies within this court's discretion, which we exercise only if "the error seriously affected the fairness, integrity or public reputation of judicial proceedings." *Price*, 777 F.3d at 711 (brackets and internal quotation marks omitted).

The threshold question is whether a North Carolina felony conviction for common law robbery qualifies as a crime of violence under the residual clause of the career offender guidelines. USSG § 4B1.2 cmt. n.1 ("Crime of violence includes . . . robbery"). We recently held that "North Carolina common law robbery categorically qualifies as 'robbery,' as that term is used within § 4B1.2(a)(2)." *United States v. Gattis*, ___ F.3d ___, ___, No. 16-4663, 2017 WL 6001522, at *4 (4th Cir. Dec. 4, 2017). Because we have now held that North Carolina common law robbery categorically qualifies as an enumerated offense under the career offender guideline, Jackson's claim challenging his career offender enhancement on this basis is meritless.[*] There was no error, let alone plain error.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no other meritorious issues for appeal. We therefore affirm Jackson's conviction and sentence. This court requires that counsel inform Jackson, in writing, of

---

[*] Robbery is now an enumerated offense under USSG § 4B1.2. Effective August 1, 2016, the definition of a "crime of violence" has been amended to expressly include robbery as an enumerated offense in § 4B1.2(a)(2) itself rather than relegating this crime to the commentary. It was not an enumerated offense within the text of the guideline at the time Jackson was sentenced. However, as *Gattis* explains, although robbery is now included in the enumerated offenses clause in USSG § 4B1.1(a)(2), the Guidelines still do not define robbery. *Gattis*, ___ F.3d at ___, 2017 WL 6001522, at *4. Thus, *Gattis*'s holding applies equally to the 2014 commentary at issue here.

the right to petition the Supreme Court of the United States for further review. If Jackson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jackson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*