**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4102**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

ISHAARD MARTAE SCALES, a/k/a Monte Hayes,

                Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Senior District Judge. (1:15-cr-00108-JAB-1)

Submitted: February 9, 2018                Decided: February 23, 2018

Before DUNCAN, KEENAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Duberstein, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant. Sandra J. Hairston, Acting United States Attorney, Robert A.J. Lang, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ishaard Martae Scales appeals from his 55-month sentence imposed pursuant to his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (2012). On appeal, Scales asserts that his sentence was erroneously enhanced under *U.S. Sentencing Guidelines Manual* § 2K2.1(a)(4)(A) (2015). Specifically, he contends that his prior consolidated convictions for North Carolina common law robbery were not crimes of violence under the Sentencing Guidelines and, thus, were not proper predicate convictions. We affirm.

In considering the district court's Guidelines calculations, we review the district "court's factual findings for clear error and its legal conclusions de novo." *United States v. Dodd*, 770 F.3d 306, 309 (4th Cir. 2014) (internal quotation marks omitted). We "review de novo the question whether a prior state conviction constitutes a predicate felony conviction for purposes of a federal sentence enhancement." *United States v. Valdovinos*, 760 F.3d 322, 325 (4th Cir. 2014). In so doing, we are not limited to the district court's rationale, but instead "may affirm on any grounds apparent from the record." *United States v. Riley*, 856 F.3d 326, 328 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 138 S. Ct. 273 (2017).

An enhanced base offense level applies under USSG § 2K2.1(a)(4)(A) if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." As applied to this section at the time of Scales' sentencing, "crime of violence" is defined as an offense punishable by more than one year of imprisonment that "(1) has as an element the use,

2

attempted use, or threatened use of physical force against the person of another [(the 'force clause')],[1] or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives [(the 'enumerated offenses clause')], or otherwise involves conduct that presents a serious potential risk of physical injury to another [(the 'residual clause')]." USSG § 4B1.2(a); *see* USSG 2K2.1 cmt. n.1 (incorporating "crime of violence" definition in USSG § 4B1.2(a) and its commentary). The commentary to USSG § 4B1.2 in effect at the time of Scales' sentencing enumerated other offenses as crimes of violence, including robbery. USSG § 4B1.2 cmt. n.1. [2]

In *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), the Supreme Court held that the identically worded residual clause of the Armed Career Criminal Act ("ACCA")[3] was unconstitutionally vague. In *Beckles v. United States,* 137 S. Ct. 886, 892 (2017), however, the Supreme Court declined to extend *Johnson*'s reasoning to the Guidelines, holding that "the Guidelines are not subject to a vagueness challenge under the Due Process Clause," and thus the residual clause of USSG § 4B1.2(a)(2) "is not void for vagueness."

---

[1] After *United States v. Gardner*, 823 F.3d 793, 804 (4th Cir. 2016), it is clear that North Carolina common law robbery is not a crime of violence under the force clause. *United States v. Montes-Flores*, 736 F.3d 357, 363 (4th Cir. 2013) (relying on decisions evaluating whether an offense qualifies as an ACCA violent felony "interchangeably" with decisions evaluating whether an offense qualifies as a Guidelines crime of violence)(citation omitted).

[2] USSG § 4B1.2 was amended in 2016.

[3] 18 U.S.C. § 924(e) (2012).

Scales first contends that, in determining whether his North Carolina common law robbery conviction satisfies the crime of violence definition, the district court may not properly rely on the residual clause, because such reliance would require consideration of the commentary which Scales contends was improperly issued. However, we held in *United States v. Jarmon*, 596 F.3d 228 (4th Cir. 2010), without reference to the commentary, that the North Carolina offense of larceny from the person satisfies the residual clause of USSG § 4B1.2(a)(2) because it is similar in kind and degree of risk to the enumerated offense of burglary. *Id.* at 233. We explained that, although "larceny from the person does not necessarily involve violence," it creates "a similar risk of violent confrontation" because "it requires the offender to make purposeful, aggressive moves to part the victim from his or her property." *Id.* at 232. "In fact, because larceny from the person requires that the offender take the property from the protection or control of the victim, the victim's presence is assured, and the odds of a violent confrontation are even higher than in a generic burglary, where the victim is often absent." *Id.* at 232-33. As "[l]arceny from the person is a lesser included offense of common law robbery," *North Carolina v. White*, 542 S.E.2d 265, 267 (N.C. Ct. App. 2001), common law robbery also necessarily qualifies as a residual clause crime of violence under *Jarmon*. *See also United States v. Gattis*, 877 F.3d 150, 154-60 (4th Cir. 2017) (holding that North Carolina robbery constitutes "robbery" as enumerated in the amended version of USSG § 4B1.2(a)(2), and rejecting defendant's argument that North Carolina robbery swept more broadly than generic robbery).

4

Scales next argues that a sentencing court's reliance on the residual clause in USSG § 4B1.2(a)(2) is error because the clause is impossible to interpret correctly and was inappropriately adopted for the reasons discussed in *Johnson*. To support this argument, Scales relies on the Sentencing Commission's difficulty in applying the residual clause and its August 2016 amendment removing the clause from USSG § 4B1.2(a)(2). We find Scales' challenge to be without merit. *See United States v. Wurie*, 867 F.3d 28 (1st Cir. 2017), *cert. denied*, 2018 WL 311678 (U.S. Jan. 8, 2018) (rejecting similar argument finding that neither *Beckles* nor *Johnson* altered how the Guidelines' residual clause should be interpreted); *Riley*, 856 F.3d at 328 ("Despite Johnson, . . . the residual clause of the career offender guideline remains valid."); *United States v. Mack*, 855 F.3d 581, 585 (4th Cir. 2017) ("With the residual clause remaining in force, we must now apply § 4B1.2(a) with all its relevant language, including the residual clause and any Guidelines Commentary that may explain it.").

Accordingly, we affirm Scales' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*