**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4385**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DONALD LEONARD SPRINGS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, District Judge.  (1:15-cv-00346-LCB-1)

Submitted:  April 24, 2018                     Decided:  May 29, 2018

Before KEENAN and FLOYD, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Duberstein, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Graham Tod Green, Assistant United States Attorney, Winston-Salem, North Carolina, Angela Hewlett Miller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donald Leonard Springs pled guilty, pursuant to a plea agreement, to bank robbery, in violation of 18 U.S.C. § 2113(a) (2012). On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal. Springs filed a pro se brief in which he asserts that his lawyer did not adequately represent him, and that application of the career offender enhancement, U.S. Sentencing Guidelines Manual § 4B1.1 (2015), is improper in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). We affirm.

Springs' claim of ineffective assistance of counsel is only cognizable on direct appeal if it conclusively appears on the record that counsel was ineffective. *United States v. Galloway*, 749 F.3d 238, 241 (4th Cir. 2014). To succeed on a claim of ineffective assistance of counsel, Springs must show that (1) "counsel's representation fell below an objective standard of reasonableness" and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The record before us does not conclusively establish ineffective assistance of counsel, and Springs' claim therefore should be raised, if at all, in a 28 U.S.C. § 2255 (2012) motion. *See United States v. Faulls*, 821 F.3d 502, 508 (4th Cir. 2016).

Springs' challenge to his career offender enhancement is likewise without merit. "In reviewing a Sentencing Guidelines application, we review factual findings for clear error and legal conclusions de novo." *United States v. Adepoju*, 756 F.3d 250, 256 (4th Cir. 2014). First, although Springs argues that he does not qualify as a career offender in light of *Johnson*, 135 S. Ct. 2551, the Supreme Court has rejected this argument and held

2

that "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause." *Beckles v. United States*, 137 S. Ct. 886, 890 (2017).

Second, the record demonstrates that Springs qualifies as a career offender. An individual is a career offender if he is at least 18 years of age at the time of the offense of conviction, the offense of conviction is a crime of violence or a controlled substance offense, and he had sustained two prior felony convictions for crimes of violence or controlled substance offenses. USSG § 4B1.1(a). Springs' offense of conviction qualifies as a crime of violence. *Cf. United States v. McNeal*, 818 F.3d 141, 157 (4th Cir. 2016) ("[B]ank robbery under 18 U.S.C. § 2113(a) is a 'crime of violence' within the meaning of the force clause of 18 U.S.C. § 924(c)(3) . . . ."). Furthermore, the record demonstrates that Springs had three prior North Carolina convictions for common law robbery, convictions that qualify as crimes of violence.[1] *See United States v. Gattis*, 877 F.3d 150, 160 (4th Cir. 2017) ("North Carolina common law robbery qualifies as 'robbery,' as that term is used in U.S.S.G. § 4B1.2(a)(2), and . . . [therefore qualifies as] a crime of violence."), *cert. denied*, No. 17-8044, 2018 WL 1278447 (U.S. Apr. 16, 2018).[2]

---

[1] Springs also has prior North Carolina convictions for robbery with a dangerous weapon and attempted robbery with a dangerous weapon, both of which also qualify as crimes of violence. *See United States v. Burns-Johnson*, 864 F.3d 313, 320 (4th Cir.) *cert. denied*, 138 S. Ct. 461 (2017); *United States v. Mack*, 855 F.3d 581, 585 (4th Cir. 2017).

[2] Although *Gattis* involved the 2016 Sentencing Guidelines, which does not contain a residual clause in its definition of a crime of violence, both the 2015 and 2016 Sentencing Guidelines listed robbery as an enumerated offense—the 2015 version in the commentary and the 2016 version in the Guideline text—and *Gattis* is therefore dispositive.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Springs, in writing, of the right to petition the Supreme Court of the United States for further review. If Springs requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Springs.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*