**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4192**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

OMARI OMEGA WALDRON,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:15-cr-00129-MOC-1)

Submitted:  December 26, 2018                                  Decided:  January 16, 2019

Before KING, AGEE, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Anthony Martinez, Federal Public Defender, Charlotte, North Carolina, Joshua B. Carpenter, Appellate Chief, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Omari Omega Waldron pled guilty without a written plea agreement to two counts of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2012), and was sentenced to 60 months on each count, to run concurrently. Waldron appeals. His attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), questioning whether Waldron's base offense level was correctly calculated but concluding that there are no meritorious issues for appeal. Waldron was advised of his right to file a pro se brief but has not filed such a brief. We affirm.

Under U.S. Sentencing Guidelines Manual § 2K2.1(a)(2) (2015), a defendant's base offense level is 24 if he committed the offense after sustaining two felony convictions of either a crime of violence or a controlled substance offense. Waldron claims that the district court erroneously determined that he had two qualifying predicate convictions of crimes of violence: North Carolina common law robbery and North Carolina conspiracy to commit armed robbery. We review de novo a district court's determination of questions of law. *United States v. McLeod*, 818 F.3d 141, 151 (4th Cir. 2016).

A "North Carolina common law robbery conviction categorically qualifie[s] as a felony conviction for a crime of violence, as provided in [U.S.S.G.] § 2K2.1(a) . . . and defined in [U.S.S.G.] § 4B1.2(a)." *United States v. Gattis*, 877 F.3d 150, 152 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 1572 (2018). Accordingly, Waldron's common law robbery conviction properly was treated as a qualifying predicate felony conviction of a crime of violence under USSG § 2K2.1(a)(2).

2

North Carolina armed robbery is a "violent felony" under the force clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e) (2012), which clause is identical to the Guidelines provision at issue here. *United States v. Burns-Johnson*, 864 F.3d 313, 315 (4th Cir.), *cert. denied*, 138 S. Ct. 461 (2017). Thus, North Carolina armed robbery is a crime of violence under USSG § 2K2.1(a)(2). Further, under the applicable Guidelines commentary, conspiracy to commit a crime of violence is itself a crime of violence. *See U.S.S.G. § 4B1.2 app. n. 1; United States v. Mack*, 855 F.3d 581, 585-86 (4th Cir. 2017). Accordingly, Waldron's conviction of conspiracy to commit armed robbery properly was treated as a predicate felony conviction of a crime of violence under U.S.S.G. § 2K2.1(a)(2).

Pursuant to *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. Accordingly, we affirm Waldron's conviction and sentence. This court requires that counsel inform Waldron, in writing, of the right to petition the Supreme Court of the United States for further review. If Waldron requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Waldron. We deny the motion for appointment of new counsel and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*