**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4557**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES JACOB PARRISH, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Terry L. Wooten, Senior District Judge.  (3:17-cr-00347-TLW-1)

Submitted:  March 28, 2019                                      Decided:  April 11, 2019

Before KING, WYNN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kimberly H. Albro, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Sherri A. Lydon, United States Attorney, Stacey Denise Haynes, Assistant United States Attorney, Kathleen Michelle Stoughton, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Jacob Parrish, Jr., appeals the sentence imposed by the district court after his guilty plea to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2012). Parrish argues that the district court erred in determining that the North Carolina offense of second-degree murder is a crime of violence under U.S. Sentencing Guidelines Manual § 2K2.1(a)(2) (2016), as that term is defined in USSG § 4B1.2(a). Parrish also contends on appeal that the district court imposed a procedurally and substantively unreasonable sentence when it departed upward from the established Guidelines range and denied his motion for a downward variance. Finding no error, we affirm.

We review a sentence for reasonableness, applying "an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). We first review for "significant procedural error," and if the sentence is free from such error, we then consider substantive reasonableness. *Id*. Procedural error includes "improperly calculating[] the Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) [2012] factors, . . . or failing to adequately explain the chosen sentence." *Id*. "Substantive reasonableness examines the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010).

I.

In considering Parrish's claim that the district court procedurally erred in calculating his base offense, we note that when a defendant is sentenced for unlawfully possessing a firearm, the base offense level is 24 "if the defendant committed any part of

2

the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense."[*]  USSG § 2K2.1(a)(2).  Without the qualifying prior convictions, the base offense level is lower.  *See* USSG § 2K2.1(a).  The Guidelines define "crime of violence" as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

USSG § 4B1.2(a).

Because Parrish failed to object to the USSG § 2K2.1(a)(2) enhancement at sentencing, we review the enhancement's application for plain error.  *United States v. Cohen*, 888 F.3d 667, 678 (4th Cir. 2018).  "To prevail on plain error review, an appellant must show (1) that the district court erred, (2) that the error was plain, and (3) that the error affected his substantial rights."  *Id.* at 685.  "If each of those three requirements are satisfied, we possess discretion on whether to recognize the error, but . . . should not do so unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings."  *Id.* (internal quotation marks omitted).

---

[*] Parrish does not dispute that he has a qualifying controlled substance conviction.

In determining whether a prior conviction qualifies as a crime of violence, we use the categorical approach. *United States v. Mack*, 855 F.3d 581, 585-86 (4th Cir. 2017). "Under the categorical approach, the sentencing court must look only to the statutory definitions of the prior offenses and may not look to the particular facts underlying those convictions." *United States v. Flores-Granados*, 783 F.3d 487, 491 (4th Cir. 2015) (alteration and internal quotation marks omitted).

North Carolina second-degree murder is "the unlawful killing of a human being with malice but without premeditation and deliberation." *State v. Thibodeaux*, 532 S.E.2d 797, 806 (N.C. 2000) (internal quotation marks omitted). "[T]he element of malice in second-degree murder is proved by intentional conduct, [and] a defendant need only intend to commit the underlying act that results in death." *State v. Coble*, 527 S.E.2d 45, 48 (N.C. 2000). "[U]nlawfully killing another human being requires the use of force capable of causing physical pain or injury to another person." *In re Irby*, 858 F.3d 231, 235 (4th Cir. 2017) (internal quotation marks omitted). "[F]orce," as used in the force clause, means "force capable of causing physical pain or injury to another person." *Id*. at 236 (internal quotation marks omitted). Because North Carolina second-degree murder requires the unlawful killing of a human being, we conclude that it qualifies as a crime of violence under USSG § 4B1.2(a). Accordingly, Parrish fails to establish error, plain or otherwise.

## II.

Turning to Parrish's claims that the district court's upward departure under USSG § 4A1.3 and upward variance under 18 U.S.C. § 3553(a) rendered his sentence both

4

procedurally and substantively unreasonable, we note that the deferential abuse-of-discretion standard described above applies to the reasonableness of any sentence, "whether inside, just outside, or significantly outside the Guidelines range." *United States v. King*, 673 F.3d 274, 283 (4th Cir. 2012); *see Gall*, 552 U.S. at 51. When the district court imposes a departure or variance sentence, we consider "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Hernandez-Villanueva*, 473 F.3d 118, 123 (4th Cir. 2007). The district court "has flexibility in fashioning a sentence outside of the Guidelines range" and need only "set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis" for its decision. *United States v. Diosdado-Star*, 630 F.3d 359, 364 (4th Cir. 2011) (alteration and internal quotation marks omitted). In reviewing a sentence outside the Guidelines range, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51.

A district court may upwardly depart from an applicable Guidelines range "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." USSG § 4A1.3(a)(1), p.s.; *see United States v. Whorley*, 550 F.3d 326, 341 (4th Cir. 2008) (noting that an underrepresentative criminal history category is an encouraged basis for departure). The Sentencing Commission "drafted [USSG § 4A1.3] in classic catch-all terms for the unusual but serious situation

where the [defendant's] criminal history category does not adequately reflect past criminal conduct or predict future criminal behavior." *United States v. Lawrence*, 349 F.3d 724, 730 (4th Cir. 2003). To determine whether a departure sentence is appropriate in such circumstances, the Guidelines state that a court may consider prior sentences not used in the criminal history calculation or prior conduct not resulting in a conviction. USSG § 4A1.3(a)(2), p.s.

Here, the district court explained at length its reasons for the departure, the upward variance, and the denial of Parrish's motion for a downward variance. *See United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009) (discussing district court's obligation to conduct "individualized assessment" of facts). In addition to citing Parrish's unscored convictions, the court highlighted Parrish's serious and dangerous conduct in the instant offense and his serious and violent past offenses, all leading the court to conclude that Parrish represented a risk to himself and others. Thus, our review of the record leads us to conclude that the district court did not err in applying an upward departure based on prior uncharged criminal conduct, *see* USSG § 4A1.3(a)(2), p.s., or an upward variance based on the § 3553(a) analysis such that there is no procedural infirmity. Further, reviewing the totality of the circumstances, we conclude that the district court did not abuse its discretion and that Parrish's sentence is substantively reasonable.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

6