**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 16-4489**

───────────────

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

LOKHEIM JERALLE CAMPBELL,

Defendant – Appellant.

───────────────

Appeal from the United States District Court for the District of South Carolina, at Florence. Terry L. Wooten, Senior District Judge.  (4:09-cr-00855-TLW-3)

───────────────

Argued:  March 9, 2023                     Decided:  May 16, 2024

───────────────

Before NIEMEYER, QUATTLEBAUM, and RUSHING, Circuit Judges.

───────────────

Affirmed by published opinion.  Judge Rushing wrote the opinion, in which Judge Niemeyer and Judge Quattlebaum joined.

───────────────

**ARGUED:** William Fletcher Nettles, IV, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Cate Cardinale, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.  **ON BRIEF:** Adair F. Boroughs, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

───────────────

RUSHING, Circuit Judge:

Lokheim Jeralle Campbell violated his supervised release and received a 28-month prison sentence. He appeals, arguing that the district court consulted the wrong policy statement range in fashioning his revocation sentence because South Carolina attempted armed robbery is not a crime of violence under the version of the United States Sentencing Guidelines in effect at the time of his revocation hearing. Because South Carolina attempted armed robbery qualifies as a crime of violence under the residual clause in those Guidelines, we affirm.

## I.

After serving a term of imprisonment for Hobbs Act robbery, *see* 18 U.S.C. § 1951(a), and using a firearm during a crime of violence, *see* 18 U.S.C. § 924(c), Campbell was released to supervision in December 2014. Shortly thereafter, in March 2015, Campbell attempted to rob Cyril Lowery during a drug deal. While Lowery was negotiating the sale price, "Campbell pulled out a gun to rob him of his money." J.A. 48. Lowery fled, and Campbell fired at him, striking Lowery once in each foot.

In August 2015, Campbell's probation officer filed a revocation motion reporting five violations of his supervised release conditions, including violations arising from the attempted robbery. At the revocation hearing, Campbell admitted to attempted armed robbery. But he objected to the classification of that conduct as a crime of violence for purposes of establishing a Grade A supervised release violation under the Sentencing

2

Guidelines Chapter 7 policy statement. *See* U.S.S.G. § 7B1.1 (2015).[1] The district court overruled the objection and sentenced Campbell to 28 months' imprisonment, to be served consecutive to the 120-month sentence that Campbell had already received on the new criminal charges for that conduct. Campbell appealed his revocation sentence, and we held his appeal in abeyance for decisions in multiple other potentially relevant cases.[2] His appeal, as narrowed by those decisions, is now ripe for resolution.

## II.

"This Court will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). In considering whether a revocation sentence is plainly unreasonable, we "must first determine whether the sentence is procedurally or substantively unreasonable." *Id.* Campbell argues that his revocation sentence is procedurally unreasonable because the district court incorrectly determined that his attempted armed robbery violation qualified as a crime of violence and consequently considered the wrong policy statement range. Whether an offense constitutes a crime of violence under the Sentencing Guidelines is a

---

[1] This opinion cites the unamended 2015 Guidelines Manual, which the parties agree applied to Campbell's revocation sentencing on July 20, 2016.

[2] In the meantime, other intervening decisions resolved the second objection Campbell raised in this appeal. In his opening brief, Campbell argued that the district court should not have imposed a revocation sentence on his Section 924(c) conviction because Hobbs Act robbery does not qualify as a crime of violence under that statute and therefore his Section 924(c) conviction was invalid. We subsequently ruled that "[a] supervised release revocation hearing is not a proper forum for testing the validity of an underlying sentence or conviction." *United States v. Sanchez*, 891 F.3d 535, 538 (4th Cir. 2018). In his reply brief, Campbell conceded that *Sanchez* foreclosed the challenge to his Section 924(c) conviction.

3

question of law we review de novo. *United States v. Simmons*, 917 F.3d 312, 316 (4th Cir. 2019).

The district court classified Campbell's supervised release violation for attempted armed robbery as a Grade A violation.[3]  As relevant here, a Grade A violation involves "conduct constituting . . . a federal, state, or local offense punishable by a term of imprisonment exceeding one year that . . . is a crime of violence." U.S.S.G. § 7B1.1(a)(1). The Guidelines in effect at the time of Campbell's revocation sentencing define "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." *Id.* § 4B1.2(a) (emphasis added); *see id.* § 7B1.1 cmt. n.2.  The emphasized portion of this definition is known as the residual clause.[4]  Unlike similar statutory residual clauses, the residual clause in the Sentencing

---

[3] Where, as here, "there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade," which was the attempted armed robbery violation. U.S.S.G. § 7B1.1(b).  Campbell's policy statement range for a Grade A violation was 12 to 18 months on the Hobbs Act robbery count and 24 to 30 months on the Section 924(c) count. *Id.* § 7B1.4(a).  His policy statement range for a Grade B violation on those same counts was 4 to 10 months. *Id.*

[4] The supplement to the 2015 Guidelines Manual removed the residual clause from the crime of violence definition and added robbery (among other crimes) as an enumerated offense in Section 4B1.2(a)(2).  That amendment took effect on August 1, 2016, after Campbell's revocation sentencing. *See* U.S.S.G. Manual Supp. to 2015 Guidelines Manual, Amend. 798 (eff. Aug. 1, 2016).

4

Guidelines is not susceptible to constitutional vagueness challenges. *Beckles v. United States*, 137 S. Ct. 886, 890 (2017); *see United States v. Riley*, 856 F.3d 326, 328 (4th Cir. 2017).

Application Note 1 to the crime of violence guideline states that "'[c]rime of violence' . . . include[s] the offenses of aiding and abetting, conspiring, and attempting to commit such [an] offense[]." U.S.S.G § 4B1.2 cmt. n.1. When considering the residual clause, we have acknowledged that this commentary is "consistent with the language of the guideline." *United States v. Mack*, 855 F.3d 581, 585 (4th Cir. 2017) (internal quotation marks omitted); *see Stinson v. United States*, 508 U.S. 36, 38 (1993) ("[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline."). As we have explained, "inchoate crimes that would qualify as violent if completed 'present[] a serious potential risk of physical injury to another.'" *Mack*, 855 F.3d at 585 (quoting U.S.S.G. § 4B1.2(a)(2) (2014)).

South Carolina armed robbery is a crime of violence. Armed robbery is common law robbery (also called strong arm robbery) with the added element that the robber either was armed or represented that he was armed with a deadly weapon. S.C. Code Ann. § 16-11-330; *see State v. Muldrow*, 559 S.E.2d 847, 849 (S.C. 2002). The South Carolina Supreme Court has defined common law robbery as "the 'felonious or unlawful taking of money, goods, or other personal property of any value from the person of another or in his presence by violence or by putting such person in fear.'" *United States v. Doctor*, 842 F.3d 306, 309 (4th Cir. 2016) (quoting *State v. Rosemond*, 589 S.E.2d 757, 758 (S.C. 2003)).

5

We have held that South Carolina common law robbery is categorically a violent felony under the force clause of the Armed Career Criminal Act (ACCA), which is identical to the force clause of the Guidelines' crime of violence definition. *Id.* at 312; *see United States v. Carthorne*, 726 F.3d 503, 511 n.6 (4th Cir. 2013) ("We rely on precedents addressing whether an offense is a crime of violence under the Guidelines interchangeably with precedents evaluating whether an offense constitutes a violent felony under [ACCA]." (internal quotation marks omitted)). "[W]hether committed by means of violence or intimidation," South Carolina common law robbery "necessarily include[s] as an element the use, attempted use, or threatened use of physical force against the person of another." *Doctor*, 842 F.3d at 312 (internal quotation marks omitted). Armed robbery therefore also satisfies the force clause. *See*, *e.g.*, *United States v. Wise*, 701 Fed. App. 279, 281 (4th Cir. 2017) (per curiam) (reasoning that South Carolina armed robbery is a crime of violence because "the lesser included offense of robbery involves the threatened use of physical force").

Accordingly, South Carolina attempted armed robbery qualifies as a crime of violence under the residual clause.[5] Attempted armed robbery requires specific intent to commit armed robbery "accompanied by some overt act, beyond mere preparation, in furtherance of the intent." *State v. Nesbitt*, 550 S.E.2d 864, 866 (S.C. Ct. App. 2001). Because the completed crime of armed robbery is categorically a crime of violence, "it

---

[5] Campbell claims the Government waived reliance on the residual clause in the district court, but we see no such waiver in the record.

follows that, based on the Commentary, *attempts . . .* to commit [armed robbery] similarly qualify." *Mack*, 855 F.3d at 585.

Campbell resists this conclusion.  He argues that our decision in the unrelated but similarly named case of *United States v. Campbell* precludes reliance on this Guidelines commentary.  *See* 22 F.4th 438 (4th Cir. 2022).  In *Campbell*, we held that Application Note 1 to Section 4B1.2 is "'inconsistent'" with the definition of a controlled substance offense in subsection (b) of that guideline.  *Id.* at 444 (quoting *Stinson*, 508 U.S. at 43). We reasoned that the Guidelines' "lengthy definition" of a controlled substance offense does not include inchoate offenses, therefore "under *Stinson* the plain text require[d]" the conclusion that an attempt offense is not a controlled substance offense, despite the contrary direction of Application Note 1.  *Id.*; *see also* U.S.S.G. § 4B1.2(b).  Our holding did not encompass the crime of violence definition in Section 4B1.2(a); in fact, we expressly distinguished *Mack* on that basis.  *See Campbell*, 22 F.4th at 447; *see also id.* at 445 (observing that the crime of violence definition "explicitly includes attempt offenses").

Unlike the controlled substance offense definition at issue in *Campbell*, "nothing in the plain language of [the residual] clause . . . prohibits attempt offenses from qualifying" as crimes of violence.  *James v. United States*, 550 U.S. 192, 198 (2007), *overruled on other grounds by Johnson v. United States*, 576 U.S. 591 (2015).  As the Supreme Court explained in the context of ACCA, the language of the residual clause "does not suggest any intent to exclude attempt offenses that otherwise meet the statutory criteria."  *Id.* Because Application Note 1 is not "inconsistent with, or a plainly erroneous reading of," the residual clause in the Guidelines' crime of violence definition, we follow the

7

commentary. *Stinson*, 508 U.S. at 38. Indeed, the residual clause is so ambiguous the Supreme Court has held its substantively identical statutory counterpart "unconstitutionally vague." *Johnson*, 576 U.S. at 597; *cf. Campbell*, 22 F.4th at 447 (finding the Guidelines' controlled substance offense definition "unambiguous"). And Application Note 1 presents "a common-sense understanding of the residual clause" as it regards crimes of violence. *Mack*, 855 F.3d at 585.[6] We thus reaffirm that an attempt to commit a crime of violence similarly qualifies as a crime of violence within the Guidelines' residual clause. *See id.*

South Carolina attempted armed robbery is a crime of violence under the residual clause of the Guidelines definition in effect at the time of Campbell's revocation hearing. The district court therefore did not err in determining that Campbell's conduct constituted a Grade A violation of his supervised release. The judgment of the district court is

*AFFIRMED*.

---

[6] The parties do not mention *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019), or this Court's dialogue about its relevance for Guidelines commentary. *Compare United States v. Moses*, 23 F.4th 347, 351–357 (4th Cir. 2022), *with Campbell*, 22 F.4th at 444–445. As demonstrated, we need not address that issue to resolve this case.

8