**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 23-4565**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JAMES ANTHONY WILLIAMS,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:19-cr-00068-MOC-SCR-1)

———————

Submitted:  February 28, 2025                  Decided:  April 15, 2025

———————

Before WYNN and BERNER, Circuit Judges, and FLOYD, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:**  James W. Kilbourne, Jr., ALLEN STAHL & KILBOURNE, PLLC, Asheville, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Anthony Williams appeals the district court's judgment revoking his supervised release and imposing a sentence of 24 months in custody and 24 months of supervised release. On appeal, Williams' attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding there are no meritorious grounds for appeal but raising the issues of whether the probation officer had reasonable suspicion to conduct a warrantless search of his residence; whether the district court's delay in holding the final hearing was unreasonable; whether his supervised release expired before it was revoked; and whether the statutory provisions on supervised release are improper. Williams was notified of his right to file a pro se supplemental brief but has not done so. We affirm.

"We 'review[] de novo whether the district court had jurisdiction to rule upon alleged violations of supervised release.'" *United States v. Thompson*, 924 F.3d 122, 127 (4th Cir. 2019). When the defendant preserves the issue, we review a district court's evidentiary decisions in a supervised release revocation proceeding for abuse of discretion. *United States v. Combs*, 36 F.4th 502, 505 (4th Cir. 2022). "We review a 'district court's factual findings underlying a revocation of supervised release for clear error and its ultimate decision to revoke a defendant's supervised release for abuse of discretion.'" *United States v. George*, 95 F.4th 200, 208 (4th Cir. 2024). "'This Court will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable.'" *United States v. Campbell*, 102 F.4th 238, 239-40 (4th Cir. 2024).

Williams first questions whether the probation officer had reasonable suspicion for a search of his residence. In the district court, he moved to suppress evidence from the

2

search.  Although Williams conceded the exclusionary rule does not apply in revocation proceedings, *see United States v. Armstrong*, 187 F.3d 392, 394 (4th Cir. 1999), he argued the district court should exclude evidence obtained from the search, because his supervised release condition required reasonable suspicion for any searches by probation officers.  We have reviewed the record and conclude that the district court did not clearly err in finding there was reasonable suspicion for the search in this case; and it did not abuse its discretion in denying his motion to suppress evidence obtained from the search.

Williams next questions whether there was unreasonable delay by the district court in holding his final revocation hearing.  Due process requires that a final revocation hearing must be held "within a reasonable time."  Fed. R. Crim. P. 32.1(b)(1); *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972); *United States v. Copley*, 978 F.2d 829, 832 & n.* (4th Cir. 1992).  The time begins to run when the supervisee is taken into custody on the federal warrant.  *See United States v. Pardue*, 363 F.3d 695, 698 (8th Cir. 2004).  To demonstrate a violation, a defendant must show both unreasonable delay and prejudice.  *United States v. Torres-Santana*, 991 F.3d 257, 264 (1st Cir. 2021).  After reviewing the record, we conclude that the delay in this case was not unreasonable; and Williams cannot show prejudice from any delay.  *See United States v. Pagan-Rodriguez*, 600 F.3d 39, 42-43 (1st Cir. 2010).

Williams next questions whether his supervised release term expired before it was revoked.  As a general rule, a district court "is without jurisdiction to revoke a supervised release term or sanction violations once the term has expired."  *Thompson*, 924 F.3d at 132.  "But [18 U.S.C.] § 3583(i) sets out an exception to that rule, allowing for '[d]elayed revocation' proceedings when two conditions are met:  First, a 'warrant or summons [must

3

be] issued' before the term's expiration, and second, any delay in adjudicating that summons must be 'reasonably necessary.'" *Id*. We have reviewed the record and conclude that this issue is without merit. The district court issued an arrest warrant on the supervised release petition before expiration of the supervised release term; and we conclude that any delay by the court was reasonably necessary for adjudication of matters before it.

Finally, Williams questions whether statutory provisions allowing the district court to impose additional terms of supervised release after each revocation of supervised release are improper. *See* 18 U.S.C. § 3583(e)(3), (h). We conclude this issue is without merit.

In accordance with *Anders*, we have reviewed the entire record and have found no meritorious grounds for relief. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Williams, in writing, of his right to petition the Supreme Court of the United States for further review. If Williams requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Williams. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*