**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-4600**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JAMES BEARRIE HYLTON,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, District Judge. (1:12-cr-00292-TDS-1)

Submitted: August 18, 2025             Decided: September 18, 2025

Before WILKINSON and NIEMEYER, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** William S. Trivette, WILLIAM S. TRIVETTE, ATTORNEY AT LAW, PLLC, Greensboro, North Carolina, for Appellant. Randall S. Galyon, Acting United States Attorney, Lauren E. Martin, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Bearrie Hylton appeals the district court's judgment revoking his supervised release and imposing a sentence of 18 months in prison with no further supervised release. On appeal, he contends that his sentence is unreasonably severe and plainly unreasonable, because the district court invoked the PROTECT Act and did not limit the sentence to the term available under the pre-PROTECT Act aggregation rule as he requested.[*]  We affirm.

"A sentencing court has broad discretion to impose a revocation sentence up to the statutory maximum."  *United States v. Coston*, 964 F.3d 289, 296 (4th Cir. 2020).  "'This Court will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable.'"  *United States v. Campbell*, 102 F.4th 238, 239-40 (4th Cir. 2024). "First, we determine whether the sentence was procedurally or substantively unreasonable, taking 'a more deferential appellate posture than we do when reviewing original sentences.'"  *United States v. Rios*, 55 F.4th 969, 973 (4th Cir. 2022).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Chapter Seven policy statement range and the applicable [18 U.S.C.] § 3553(a) sentencing factors."  *United States v. Patterson*,

---

[*] Enacted in 2003, the Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today Act of 2003, Pub. L. 108-21, 117 Stat. 650 (PROTECT Act), amended 18 U.S.C. § 3583(e)(3) to "permit[ ] the district court to start anew with the statutory maximum" term of imprisonment on each revocation "without aggregating any post-revocation imprisonment." *United States v. Harris*, 878 F.3d 111, 119 (4th Cir. 2017); *see* PROTECT Act § 101(1), 117 Stat. at 651.  "Before 2003, the relevant portion of 18 U.S.C. § 3583(e)(3) did not include the phrase 'on any such revocation,' and courts generally aggregated all post-revocation imprisonment." *Harris*, 878 F.3d at 119.

957 F.3d 426, 436 (4th Cir. 2020). Although a district court may not impose a revocation sentence based predominantly on the seriousness of the releasee's violation or the need for the sentence to promote respect for the law and provide just punishment, "mere reference to such considerations does not render a revocation sentence procedurally unreasonable when those factors are relevant to, and considered in conjunction with, the enumerated § 3553(a) factors." *United States v. Webb*, 738 F.3d 638, 642 (4th Cir. 2013).

"A sentence is substantively reasonable 'if the totality of the circumstances indicates that the court had a proper basis for its conclusion that the defendant should receive the sentence imposed.'" *United States v. Amin*, 85 F.4th 727, 740 (4th Cir. 2023). "It is appropriate for a court, in facing a repeat probation violator, to take account of the fact that the policy statement range is based only upon the severity of the single most severe violation" and to consider the number or repeated pattern of violations when imposing a revocation sentence. *United States v. Moulden*, 478 F.3d 652, 658 (4th Cir. 2007).

"Only if a sentence is either procedurally or substantively unreasonable is a determination then made as to whether the sentence is plainly unreasonable—that is, whether the unreasonableness is 'clear' or 'obvious.'" *Patterson*, 957 F.3d at 437. "And even if a revocation sentence is plainly unreasonable, we will still affirm it if we find that any errors are harmless." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017).

On appeal, Hylton questions whether the district court imposed an unreasonable sentence by invoking the PROTECT Act. He contends the violations he admitted did not warrant such invocation, and his sentence is unreasonably severe. We have reviewed the record and conclude that Hylton's sentence is procedurally and substantively reasonable.

3

After considering the advisory policy statement range and the applicable § 3553(a) factors, the district court adequately explained that invocation of the PROTECT Act and an upward variant sentence of 18 months in prison was necessary to deter Hylton from further criminal conduct and to account for his significant breach of the court's trust, given that this was his second revocation of supervised release involving him absconding from supervision. Moreover, the totality of the circumstances indicates that the district court had a proper basis for its conclusion that Hylton should receive the sentence imposed.

Accordingly, we affirm the district court's revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

4