**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4110

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LADARRIUS O'BRIAN WALKER,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:16-cr-00239-TDS-1)

Submitted:  September 9, 2025                          Decided:  September 23, 2025

Before NIEMEYER, KING, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Seth A. Neyhart, LAW OFFICE OF SETH A. NEYHART, Durham , North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Julie C. Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ladarrius O'Brian Walker appeals the district court's judgment revoking his supervised release and imposing a sentence of 18 months in prison followed by 18 months of supervised release.  On appeal, Walker contends the district court erred in finding that he violated his supervised release conditions by committing the offense of assault on a female, and his upward variant revocation sentence is plainly unreasonable.  We affirm.

"We review a district court's factual findings underlying a revocation of supervised release for clear error and its ultimate decision to revoke a defendant's supervised release for abuse of discretion."  *United States v. George*, 95 F.4th 200, 208 (4th Cir. 2024) (citation modified).  "A district court may revoke supervised release if it finds by a preponderance of the evidence that the defendant violated a condition of supervised release."  *United States v. Patterson*, 957 F.3d 426, 435 (4th Cir. 2020) (citation modified).

"This burden simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence."  *Id*. (citation modified).  "A district court's credibility determinations at a revocation hearing are entitled to a great deal of deference by the reviewing court."  *Id*.  "Under clear-error review, our task is to determine whether the district court's account of the evidence is plausible in light of the record viewed in its entirety."  *Id*. (citation modified).

"A sentencing court has broad discretion to impose a revocation sentence up to the statutory maximum."  *United States v. Coston*, 964 F.3d 289, 296 (4th Cir. 2020) (citation modified).  "This Court will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable."  *United States v. Campbell*, 102 F.4th 238,

2

239-40 (4th Cir. 2024) (citation modified). "First, we determine whether the sentence was procedurally or substantively unreasonable, taking a more deferential appellate posture than we do when reviewing original sentences." *United States v. Rios*, 55 F.4th 969, 973 (4th Cir. 2022) (citation modified).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Chapter Seven policy statement range and the applicable [18 U.S.C.] § 3553(a) sentencing factors." *Patterson*, 957 F.3d at 436. "A sentence is substantively reasonable if the totality of the circumstances indicates that the court had a proper basis for its conclusion that the defendant should receive the sentence imposed." *United States v. Amin*, 85 F.4th 727, 740 (4th Cir. 2023) (citation modified).

"Only if a sentence is either procedurally or substantively unreasonable is a determination then made as to whether the sentence is plainly unreasonable—that is, whether the unreasonableness is clear or obvious." *Patterson*, 957 F.3d at 437 (citation modified). "And even if a revocation sentence is plainly unreasonable, we will still affirm it if we find that any errors are harmless." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017).

Walker first contends the district court clearly erred in finding that he committed the offense of assault on a female. We have reviewed the record and Walker's arguments on appeal, and we conclude that the district court did not clearly err in its finding. Walker argues that the circumstances of his case could be explained in a way that is consistent with his denial that he committed the assault. We conclude, however, that the district court's account of the evidence was plausible in light of the record viewed in its entirety.

3

Walker also contends that his revocation sentence of 18 months in prison, which was four months above his policy statement range, is plainly unreasonable. Specifically, he contends that the sentencing factors cited by the district court in support of its variance would have been satisfied by a sentence within the policy statement range. We conclude, however, that Walker's sentence is procedurally and substantively reasonable. The district court adequately explained its chosen sentence after considering the policy statement range and applicable sentencing factors; and the totality of the circumstances indicates that the court had a proper basis for its conclusion that Walker should receive the sentence.

Accordingly, we affirm the district court's revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*